CLARENCE E. BLACKMER

*v.*

THE SUMMIT COAL AND MINING COMPANY.

*Opinion filed October 19, 1900.*

1. PRINCIPAL AND AGENT—*one dealing with agent acts at his peril.* One dealing with agent does so at his peril, and when the agent's authority is in writing is bound to take notice of its terms.

2. SAME—*agent's contract of appointment construed.* A contract by which a coal mining company employs a party as sole salesman for one year, with power to sell "all coal mined" by the company, and which provides for the fitting up of an office for such agent at a certain place, contemplates the sale, on the market, of coal mined and consigned to the agent from day to day, and does not authorize him to sell the entire future output of the mine for ten months.

*Blackmer* v. *Summit Coal and Mining Co.* 88 Ill. App. 636, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. SILAS COOK, Judge, presiding.

This is an action of assumpsit brought by appellant to recover damages for breach of an alleged contract to furnish coal. The trial below was before a jury and resulted in a verdict and judgment for appellee. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

The contract sued on, which is set out *in hæc verba* in the first count of the declaration, is as follows:

"ST. LOUIS, Mo., *June 15, 1896.*

"This agreement, made and entered into by and between the Summit Coal and Mining Company, an Illinois corporation, located at Birkners, Ill., party of the first part, and C. E. Blackmer, doing business as the Hart Coal Company of St. Louis, State of Missouri, party of the second part:

"*Witnesseth:* The said Summit Coal and Mining Company hereby agrees to furnish the said C. E. Blackmer bituminous standard coal mined by the Summit Coal and Mining Company at Birkners, Ill., same to be screened, merchantable coal, in car-load lots, not to exceed five cars per day, for forty (40) cents per ton at the mines, payable on the 10th of each month for all coal used the previous month, beginning June 15, 1896, and continuous for a period of ten months; and in consideration of the above agreement the said C. E. Blackmer hereby agrees to take all the said soft coal of standard quality that his business will require, and agrees to sell no other soft coal of standard quality.               SUMMIT COAL AND MINING CO.,

Per JOHN MADDOX, *Agent.*

"Witness: Jos. H. BARR.      C. E. BLACKMER."

Appellee pleaded the general issue, verified by affidavit, and a special plea setting up fraud and circumvention.

On the 25th day of May, 1896, the appellee, a coal mining corporation, was engaged in operating a small coal mine, with a capacity of about three car-loads per day, at Birkners Station, in St. Clair county, Illinois.

187—3

In order to provide for the sale of its coal on the market in the city of St. Louis, appellee on that day made the following contract with one John Maddox, as its agent:

"This agreement, made and entered into this 25th day of May, A. D. 1896, by and between the Summit Coal and Mining Company of Birkners, of the county of St. Clair and State of Illinois, parties of the first part, and John Maddox of St. Louis, of the county of.........and State of Missouri, party of the second part: 

"*Witnesseth:* The aforesaid Summit Coal and Mining Company does hereby agree to hire the aforesaid John Maddox for the term of one year from the date hereof, to act as salesman and collector of all coal mined by the said Summit Coal and Mining Company. The said Summit Coal and Mining Company does further agree to give said John Maddox sole power to sell all the said coal mined by the said Summit Coal and Mining Company. The said Summit Coal and Mining Company does further agree to fit up and maintain (at their expense) an office in the city of St. Louis, State of Missouri, for the use of the said John Maddox, and further agrees to pay unto the said John Maddox a monthly sum of not less than sixty dollars ($60), said salary to be increased from time to time as business increases. The aforesaid John Maddox does hereby agree to at all times to sell all coal mined, at the best possible price, and to use every precaution in selling to avoid bad risks, and does also further agree to at any time have his books ready for inspecting or auditing on demand by the said Summit Coal and Mining Company, or any duly authorized agent of theirs, and does further agree to pay over to the said Summit Coal and Mining Company all moneys collected by him (less disbursements) at the end of each and every fiscal month during his year of employment by said Summit Coal and Mining Company.

W. H. BEAMONT, <em>Pres.</em>,

[Seal.]                    J. SCHNEIDER, *Secy.*,

Per SUMMIT MINING CO.
JOHN MADDOX."

On the 15th day of June, 1896, Maddox executed the contract sued on. At that time he occupied an office in the city of St. Louis with appellant. Appellant was familiar with the capacity of appellee's mine, its location, its method of operating the same and handling its coal, and knew he was contracting for more coal than

appellee was abie to furnish, at a price much below its value, and that it would render the continued employment of Maddox at $60 a month and the payment to him of $15 per month for office rent unnecessary. As soon as appellee learned of the execution of such contract it repudiated it, and denied Maddox's authority to make the same or to make any contract for the sale in gross of the future output of its mine.

AUGUST REBENACK, GUSTAVUS A. KOERNER, and VICTOR K. KOERNER, for appellant.

DILL & WILDERMAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The judgment of the Appellate Court settled all questions of fact adversely to appellant.

The contract appointing Maddox agent for appellee did not authorize him to execute the contract of June 15, 1896, with appellant, and thereby bind appellee. By the terms of the contract Maddox is authorized to sell all coal mined by the appellee. He is given no power or authority to sell coal not already mined. His authority is limited to the sale of coal that is mined and consigned to him for sale. To enable him to do this the appellee agreed to fix up and maintain at its own expense an office in the city of St. Louis for the use of Maddox, and to pay him a salary of not less than $60 per month for one year, he agreeing to at all times sell all coal mined by appellee at the best possible price. It was the evident intention of the parties making this contract that the company should be represented in the daily market of St. Louis, and that the product of its mine should be sold from day to day at the best possible price.

We find no authority conferred upon Maddox, by the terms of his employment, to bind appellee by a sale to appellant of the entire product of its mine for the period

of ten months. The contract of Maddox's employment
will bear no such construction. A person dealing with
an agent does so at his peril, and when the agent's au-
thority is in writing is bound to take notice of the terms
thereof. *Peabody* v. *Hoard,* 46 Ill. 242; *Reynolds* v. *Ferree,*
86 id. 570; *Bissell* v. *Terry,* 69 id. 184; *Hartford Fire Ins. Co.*
v. *Wilcox,* 57 id. 180.

As the contract sued on is not binding upon appellee,
we deem it unnecessary to enter upon a discussion of the
other questions raised by appellant's assignment of error
and brief.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*