## Raymond E. Young v. Harbor Point Club House Association.

1. PRINCIPAL AND AGENT—*The Principal is Not Bound if the Agent Exceeds His Authority.*—When an agency is special the authority must be strictly pursued and the principal is not bound if the agent exceeds it.

2. SAME—*Duty of a Person Dealing with a Special Agent.*—It is the duty of a person dealing with a special agent to ascertain the extent of his authority and if he fails to do so he must suffer the consequences.

Assumpsit, for a breach of contract. Error to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

LLOYD G. KIRKLAND and ROBERT H. PATTON, attorneys for plaintiff in error.

JAMES M. GRAHAM and ALBERT SALZENSTEIN, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error brought this suit to recover for breach of an alleged contract with the defendant in error

whereby he was employed as room clerk for the hotel of the defendant in error for the summer season of 1899, at a salary of $100 per month. The case was tried by the court by agreement without a jury in connection with the one brought by L. C. Young against the Harbor Point Club House Association already considered in review by this court, *post*, p. 292. The court found the issues against the plaintiff and entered judgment against him for the costs. We agree with the conclusion reached by the trial court. There was no valid contract of employment made between the plaintiff and his father as agent of the defendant. The agency of plaintiff's father was a special and not a general one. He was authorized to employ a room clerk subject to the approval of defendant as to salary. The proper construction to place upon the language of Tracy in his letter of March 25th, "We have always · paid $75 per month for this position and trust you can see your way to have your son accept at that price," is that it was a limitation upon his authority as to price. When the agency is special, the authority must be strictly pursued, and the principal is not bound if the agent exceeds his authority. It is the duty of a person dealing with a special agent to ascertain the extent of his authority, and if he does not, he must suffer the consequences. Williams v. Merritt, 23 Ill. 623; Blackmer v. Summit Coal and Mining Co., 187 Ill. 32. All the knowledge the plaintiff had of his father's agency was derived from Tracy's letters. His father was not in control of the hotel but was more than a thousand miles away from it.

The contention that the employment was ratified is not well founded, because neither the defendant nor its president received any knowledge of any further action on the part of the father as to the matter after the letter of March 25th.

The plaintiff was too late in signifying his acceptance of Tracy's offer of May 8th, and its renewal of May 18th, to make it a contract. An early reply was requested and yet he delayed answering for two weeks after the first letter

and for five days after the second. In fact he did not answer until after Tracy had withdrawn the offer and after the letter of withdrawal had reached Pass Christian post-office. The plaintiff did not testify that the acceptance was wired and written before he received notice of the withdrawal, and all the facts and circumstances lead us to the conclusion that he delayed answering until after his father had received the letter of May 23d, containing the withdrawal of Tracy's offer, and had notified the plaintiff. Judgment affirmed.