## Charles Kuecks v. New Home Sewing Machine Company.

1. AGENT—*duty to ascertain extent of authority of.* One dealing with a special agent is bound at his peril to determine the extent of the authority of such agent.

Action of assumpsit. Appeal from the County Court of Tazewell County; the Hon. JESSE BLACK, Judge, presiding. Heard in this court at the May term, 1905. Reversed, with finding of facts. Opinion filed February 1, 1906.

O. A. SMITH, for appellant.

W. B. COONEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a judgment against appellant for $101 for an alleged balance due on the sale of certain sewing machines.

Appellant is engaged in the furniture and undertaking business in Pekin, and prior to February, 1904, one J. W. Crawford was engaged in the business of selling sewing machines, school supplies and musical instruments in Green Valley. In 1902, appellant and said Crawford entered into an arrangement whereby the former shipped to Green Valley in his own name furniture from his stock in Pekin, to be sold by Crawford upon a commission of fifteen per ·cent. For this purpose only appellant constituted Crawford his agent. The business in Green Valley was the business of Crawford and not of appellant. Crawford leased in his own name and paid the rent of the store building and also all expenses incident to the conduct of the business.

In the local newspaper, and in a school pamphlet published in Green Valley for distribution among the patrons of the school, Crawford caused to be printed advertisements designating himself as agent for appellant, and as agent for appellant's fine furniture. This without the authority or knowledge of appellant.

June 3, 1903, Crawford, without the knowledge or au-

Kuecks v. New Home Sewing Machine Co.

thority of appellant, wrote to appellee ordering two sewing machines. The order was signed, " Chas. Kuecks, per C." The machines were shipped by appellee in response to the order, and subsequently Crawford remitted to appellee therefor, and wrote further orders to appellee, in like manner, for other machines and supplies. Appellee in shipping machines and supplies, and extending credit to appellant, did so entirely upon the strength of the orders so received, and the report of its traveling agent W. H. Press, who called upon Crawford at his place of business in Green Valley and was informed by him that he (Crawford) was running the business for appellant. Appellant knew nothing of the transactions between Crawford and appellee, and the latter in shipping machines and extending credit to appellant did not rely upon any conduct of appellant which could, or was calculated in any way to mislead appellee or warrant it in holding him responsible therefor.

Crawford was, at most, merely a special agent of appellant, and in dealing with him it was incumbent upon appellee to ascertain the extent of his authority, and if it failed to do so it must suffer the consequences. Young v. Harbor Point Club House Ass'n, 99 Ill. App. 290.

"A person dealing with an agent takes the risk as to the extent of his authority, and is bound to inquire into his authority." Jackson Paper Co. v. Commercial Bank, 199 Ill. 151.

The finding and judgment of the court is not justified by the evidence in the record, and such judgment will be reversed with a finding of facts to be incorporated in the judgment of this court.

*Reversed, with finding of facts.*

Finding of facts: We find that appellee sold the machines, the price of which it seeks to recover from appellant in this suit, upon a written order or orders therefor by one J. W. Crawford, purporting to act as the agent of appellant, and that the said orders were so made without the knowledge or authority of appellant; that the purchase of

said machines by said Crawford, as the agent of appellant, was not within the scope of his agency, actual or apparent, and that such purchase was never ratified by appellant.