### H. Elmer Chesley, Plaintiff in Error, v. Woods Motor Vehicle Company, Defendant in Error.

#### Gen. No. 14,359.

1. PRINCIPAL AND AGENT—*burden of proof to establish agency.* The burden of establishing agency rests upon the party alleging it.

2. BAILMENTS—*when not established.* Held, under the evidence in this case, that a porter employed in a garage had no authority to receive upon behalf of the owner of such garage property for safe-keeping.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 22, 1909.

RICE & O'NEIL, for plaintiff in error.

ADOLPH M. SCHWARZ, for defendant in error;

CHARLES HERMAN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

During the year 1906 plaintiff was a city salesman for Richard Hudnut Company. The defendant, during that time, kept a garage on Twentieth street, Chicago. Plaintiff prosecuted his employment by traveling around Chicago in an automobile of his employer, which was kept at the garage of defendant. It seems that plaintiff had a case of samples, which he carried with him in his daily journeyings, and was in the habit of giving the sample case at night to the porter of

defendant, who received and cared for the automobile, and who placed such sample case in the garage office. Plaintiff received the sample case from the porter each morning when he called for the automobile. On or about February 1, 1906, plaintiff took the automobile to be repaired and left his sample case with the defendant's porter, saying to him that he would return for it later. Plaintiff did not call for his sample case until more than three months after leaving it. In the meantime defendant had moved its garage business to another place in Chicago and the porter had quit its employ. A search for the sample case proved unavailing. It was lost. Defendant, by its president and its bookkeeper, disclaimed having any knowledge at any time of plaintiff's sample case. Defendant denied liability and interposed a counter claim, which plaintiff admitted to the amount of $12.50. On the trial before the court by agreement of the parties, the court, after hearing the proofs, found the issues in favor of defendant as to plaintiff's claim and rendered a judgment in favor of defendant for the amount admittedly due defendant on its counter claim, and plaintiff brings the record for our review on writ of error sued out in accord with the Municipal Court Act.

As stated by plaintiff in his brief and argument, "The only question presented for our decision is whether the porter, in receiving the sample case for safe keeping, was acting within the line of his employment". In this circumscribing of the issue we quite agree.

The record discloses no evidence amounting to the dignity of proof that the porter, at the times when he received plaintiff's sample case, was acting within the scope of his employment; nor does it appear that defendant, or any of its office force, had any knowledge relating to the custody of the sample case or of its existence, until after its loss and the complaint subsequently made in consequence of such loss. Thus ·

defendant was in the dark in relation to plaintiff's sample case and its loss until it had not only moved its place of business, but had dispensed with the services of the porter to whom plaintiff entrusted it. For aught that appears to the contrary, the porter has it yet. With the porter plaintiff left his sample case; to him he must look for its return. The evidence does not even cast upon defendant the duty of a voluntary bailee or any other legal responsibility in relation to the sample case of plaintiff. Nor does plaintiff contend that any liability is fastened upon defendant from any direct evidence, but argues that liability arises by implication from the facts in evidence, and that by applying to such evidence "all such presumptions and inferences arising from it", the porter is proven to be the agent of defendant to receive the sample case of plaintiff. We are not able to follow either such logic or reasoning to the extent of holding that any inference or presumption of agency is justified upon any legal theory known to us from proof of that or like character.

Again, it does not appear that defendant had any contractual relation with plaintiff at all. Its contract was to care for his employer's automobile while such automobile was in its garage.

Cumins v. Wood, 44 Ill. 416, is said to be decisive of plaintiff's right to recover. In the Cumins case liability was held to attach for negligence of a gratuitous bailee, but even so, defendant here was not a bailee of any description. The unauthorized possession by its porter of the sample case did not make such possession that of defendant in any sense for any purpose. Consequently, the porter's possession did not create on the part of defendant any liability, on any theory, to anybody. In all the cases cited by plaintiff there was a bailment of some kind. Here there was none. Bennet v. O'Brien, 37 Ill. 250, was a case of gratuitous bailment.

Plaintiff was bound to inform himself of the scope

of the agency of the porter when he left his sample case with him, if he desired to fasten upon defendant responsibility for its safe-keeping. Jackson v. Commercial Bank, 199 Ill. 151; Kuecks v. New Home Sew. M. Co., 123 Ill. App. 660.

The burden of establishing agency rested upon plaintiff. Wiley v. First Nat'l Bk., 47 Vt. 546. This plaintiff did not prove.

The judgment of the Municipal Court, being without error prejudicial to plaintiff, is affirmed.

*Affirmed.*