K112    THE EQUITABLE INSURANCE COMPANY

*v.*

PAUL H. COOPER.

1. INSURANCE POLICY—*indorsement of—after sale of property.* Where a person purchased property already insured and received an assignment of the policy, and after the purchase called on the agent of the company to learn whether he would make the necessary indorsement of consent to the transfer, when the agent said he would if the grantee would bring him the policy, but the holder did not present it until after the property was destroyed by fire: *Held,* this did not amount to a waiver of the condition that if the property should be sold the policy should be void unless the company should give its consent, indorsed in writing, on the policy; that the company had said or done nothing to change the action of the purchaser.

2. EQUITY—*specific performance.* In such a case, there is no contract for a court of equity to enforce against the company. It was but a mere promise without consideration of benefit to the promisor or injury to the promisee, and the latter has no right to recover either at law or in equity.

APPEAL from the County Court of LaSalle county; the Hon. C. H. GILMAN, Judge, presiding.

Mr. J. B. RICE, for the appellant.

Mr. FRANK J. CRAWFORD and Messrs. CROOKER & HUNTER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by Cooper, to compel the specific performance of a verbal agreement made by the agent of the Equitable Insurance Company to indorse upon the policy the consent of the company to its transfer from one Anna M. Pearce, the holder of the policy, to complainant, who had purchased a part of the property insured. According to the testimony of the complainant himself, it appears that soon

510          EQUITABLE INS. CO. *v.* COOPER.          [Sept. T.,

Opinion of the Court.

after purchasing the property he saw the agent of the company and asked him if he would indorse the transfer. The agent told him, in reply, to bring in the policy and he would make the necessary indorsement. Cooper, however, never procured the policy from Mrs. Pearce, and it was never presented to the agent until after the fire.

The various cases cited by appellee's counsel show how willing the courts have been to apply the doctrine of waiver to many of the conditions contained in policies of insurance, conditions perhaps necessary, but which often escape the observation of the assured, and on the technical letter of which companies so often rely in order to escape their liabilities. We have no difficulty in applying this doctrine where the waiver has lulled the assured into security and induced him to adopt a line of conduct which he would not have adopted but for the waiver. Thus, in *The Illinois Insurance Co.* v. *Stanton,* 57 Ill. 354, where the assured desired to make a conveyance of the property, and there being some hesitation because the policy was not at hand to be indorsed by the agent, the latter said they could proceed with the conveyance and he would indorse the policy afterwards, we held, the property having soon after burned, and before the indorsement, that this was waived. But we so held because, but for the verbal consent of the agent to the conveyance and his promise of a future indorsement, the parties would have postponed the conveyance until the policy could be produced and indorsed. It was because the parties had acted upon this verbal arrangement with the agent that we held it binding on the company. If the same thing had taken place here, or even if, after the sale, the agent had said to the appellee that he need not bring the policy for indorsement, or that he need give himself no trouble to do so as they would consider the indorsement already made, we think we should have no difficulty in saying, on the authority of the case above cited, and of others cited by appellee, that the agent had waived the indorsement and thereby induced the appellee to neglect doing what he would have

otherwise done for his own protection, and that it would be inequitable, under such circumstances, to permit the company to evade payment upon that ground.

But the difficulty in this case is, there has been no waiver. The agent simply told the appellee he would indorse the policy when brought to him. But he did not say it need not be indorsed, or in any way authorize the parties to act as if it were already indorsed. Neither had he, as in some of the cases cited, received a new premium from the appellee, or done anything to indicate that he was willing to depart from the strict letter of the policy. He merely offered to act in accordance with its letter.

The counsel for appellee, probably feeling this difficulty, instead of bringing an action at law on the policy, have filed this bill for specific performance, asking to have the policy indorsed and then enforced. But this promise to indorse the policy, made after the appellee had purchased the property and received the conveyance, was not a contract, and can not be made the foundation of an action either at law or in equity. There was no consideration, either of advantage to the promisor, or of detriment to the promisee, and if the policy had been presented to the agent before the fire, his previous promise to indorse it might have been disregarded by him without any legal consequences either to himself or to the company. If the building had not burned we could not, in the absence of any consideration, have decreed a specific performance of this promise, and we can not now. We must reverse the decree.

*Decree reversed.*