## A. E. Bond and O. J. Bond, trading as Ideal Spinning Company, Appellees, v. Duntley Manufacturing Company, Appellant.

### Gen. No. 21,014.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed on remittitur. Opinion filed December 21, 1915. Rehearing denied December 30, 1915.

### , Statement of the Case.

Action by A. E. Bond and O. J. Bond, copartners, trading under the name of Ideal Spinning Company, plaintiffs, against the Duntley Manufacturing Company, a corporation, defendant, in the Municipal Court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of Chicago, in an action of the first class, to recover on a contract. From a judgment for plaintiffs for $2,428.83, defendant appeals.

MONTGOMERY, HART, SMITH & STEERE, for appellant.

CARL A. WALDRON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*what practice includes.* Pleadings are included within the term "practice."

2. MUNICIPAL COURT OF CHICAGO, § 5*—*what power judges have to make rules.* Under paragraph 9 of section 28 of the Municipal Court Act (J. & A. ¶ 3340), the judges of the Municipal Court of Chicago may adopt a rule providing for the filing of a statement of claim, instead of a declaration, in cases of the first class.

3. MUNICIPAL COURT OF CHICAGO, § 17b*—*when motion for dismissal of action properly refused.* In an action of contract of the first class in the Municipal Court of Chicago, the denial of a motion to dismiss *held* not erroneous because plaintiffs filed a statement of claim instead of a declaration, where it appeared that such pleading was permitted by a rule of that court in force when such statement of claim was filed.

4. ATTORNEY AND CLIENT, § 67*—*when evidence of admission by attorney admissible.* Where the settlement of a controversy is delegated to the attorney of one of the parties with general authority to settle the same, an admission by him made during negotiations looking to such settlement is not incompetent as violating the rule that an attorney cannot, outside a trial, make admissions against the interest of a client, for the reason that the law of principal and agent is applicable to the relation of attorney and client, and the client is bound by the acts of his attorney within the scope of the authority of such attorney.

5. ATTORNEY AND CLIENT, § 67*—*when client bound by admission of attorney.* A client which has delegated to its general counsel general authority to settle a controversy is bound by the admission of an attorney in the office of such general counsel, to whom the settlement of such controversy has been delegated with the consent of the client, as much as though such admission were made by such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCV 37.

general counsel, especially where it appears that the client acquiesced in and subsequently ratified the acts of such attorney with reference to such controversy.

6. CONTRACTS, § 298*—*when tender of performance insufficient.* An offer to ship goods on condition that defendant pay for them in advance of shipment is not a sufficient tender of performance under a contract providing for shipment on condition of payment "in thirty days from delivery."

7. CONTRACTS, § 294*—*when performance or willingness to perform conditions precedent to recovery.* An action upon a contract cannot be maintained unless plaintiffs proved performance on their own part, or that they were ready and willing to perform within the time limited by the contract.

8. CONTRACTS, § 387*—*when evidence insufficient to establish excuse for tender of performance.* In an action to recover for breach of a contract to manufacture and deliver goods, where there was no sufficient tender of performance by plaintiffs, evidence *held* insufficient to excuse plaintiffs from making tender of performance.

9. CONTRACTS, § 294*—*what is essential to authorize recovery on contract.* No recovery can be had in an action to recover for the purchase price of goods which plaintiffs contracted to manufacture and deliver to defendant where there is neither a sufficient tender of performance by plaintiffs nor a state of facts excusing tender.

10. CONTRACTS, § 294*—*when there can be no recovery for expense of storing and insuring undelivered goods.* In an action to recover the purchase price of goods which plaintiffs contracted to manufacture and to deliver to defendant, no recovery can be had for expenditures for storing and insuring goods not delivered in the absence of a sufficient tender of performance by plaintiffs, or of a state of facts excusing such tender.