Edward F. Mulhern, Appellant, v. Public Auto Parks, Inc., Appellee.

Gen. No. 40,087.

Opinion filed June 30, 1938.

JULIUS S. NEALE, of Chicago, for appellant; CLARENCE T. MORSE, of Chicago, of counsel.

SUGARMAN & ROTHMAN, of Chicago, for appellee; SAMUEL D. ROTHMAN, of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

On April 22, 1937, plaintiff filed his statement of claim in which he averred that on January 11, 1937, he was the owner of an automobile with equipment, including a new zipper bag which contained personal articles owned by him; that on that date he delivered the automobile and contents thereof to defendant, Public Auto Parks, Inc., a corporation, at its parking garage or lot located on the southeast corner of 7th street and Wabash avenue, in Chicago, where it was engaged in handling, storing and keeping automobiles and the contents thereof for the purpose of being safely parked, for a reward, at said garage, to be returned to the owner upon demand. The statement averred that at the time and place in question plaintiff asked the agent or servant of the defendant in charge of the parking lot whether it would safely keep and store a zipper bag and personal property therein contained, and it was then agreed between the parties that he would safely keep these contents if plaintiff would deliver the keys to his automobile to said defendant so that it could be safely locked in accordance with the agreement; that the following day, January 12, at about 2:00 a. m., plaintiff presented his parking ticket to the defendant, paid defendant its reward, and upon delivery of the automobile discovered that the keys were in the automobile and the zipper bag and its contents were not in it; that these were not delivered to plaintiff upon demand, and that defendant disregarded its contract to keep and store plaintiff's zipper bag and contents and to deliver the same. The statement alleged the value of the bag and contents to be $159.84.

Defendant filed an answer, neither admitting nor denying that plaintiff was the owner of the automobile and the zipper bag containing personal property, or that plaintiff delivered the automobile and contents to

defendant's parking garage as alleged. The answer admitted defendant was engaged in handling, storing and keeping automobiles and the contents thereof, but only such contents as might be deemed accessories and appurtenances to the automobiles, for the purpose of being safely parked, for a reward, at the garage or parking lot, to be returned to the proper person upon demand. Defendant denied that at the date, time and place alleged plaintiff requested the agent or servant of defendant, in charge of the garage, that it safely keep and store the zipper bag and personal property therein, and denied that it was agreed between the parties that defendant would safely keep the zipper bag and its contents. The answer denied that plaintiff presented his parking ticket on January 12, 1937, to defendant and paid defendant its reward therefor, and that the automobile and keys thereto were delivered to defendant, but the zipper bag and contents were not delivered as alleged. The answer also averred that defendant was not engaged in the business of storing for safe keeping any personal property other than automobiles and their usual customary appurtenances; denied that its charter authorized it to do so; said that it never authorized any agents or servants to contract for it, for the safekeeping and storing of any such personal property other than automobiles and their usual accessories and appurtenances.

Plaintiff filed a bill of particulars describing the zipper bag and its contents, and giving the value of each article.

The cause was tried by the court and at the close of plaintiff's evidence the court, on motion of defendant, entered a finding in its favor and entered judgment against plaintiff for costs. This appeal is from that judgment.

No evidence was offered in behalf of defendant. The sole question for determination is whether on the evi-

dence submitted in plaintiff's behalf, he was entitled to a finding and judgment in his favor. Plaintiff testified that he lived in Oak Park, was vice president and general manager of the Britman Electric Company; had been in that business for 20 years; that about 2:30 p. m. on January 11, 1937, he parked his Buick automobile at the southeast corner of 7th street and Wabash avenue, back of the Stevens hotel, with a concern he afterward came to know as Public Auto Parks, Inc. He said there was a new bag in the automobile being used for the second time, and containing his personal effects he had packed to take on a business tour he intended making for a day and a night. When he drove into the parking lot he had a conversation with the attendant in charge; plaintiff says he pointed to the bag in the back of the car, told the attendant his personal effects were in it and asked him particularly if it would be advisable to leave it and if it would be safely kept in the car; the attendant said, "Yes, we will keep it safely, but leave your keys with me," and plaintiff gave him the keys; at 2 o'clock the following morning plaintiff called for the car, which was driven by a boy and which had the keys in it; when the boy stepped out of the car plaintiff called his attention to the fact that the bag was missing; plaintiff also paid the regular charge for storing the automobile; when he found the bag was missing he asked the attendant if it was possible it could be some place inside; the attendant said, "No," that there wasn't any bag inside and that he was the only attendant there at that time in the morning. At noon plaintiff returned and spoke to the manager, told him about the incident, and the manager suggested that he come back and see him later; plaintiff saw him the next day and asked him what he was going to do about it, and the manager said, "I don't think we're going to do anything about it." Plaintiff testifies that the bag was a 30-inch

brown alligator skin bag of the value of $30, and he describes in detail the contents of the bag and the value of each article. This was all the testimony offered or received in the case.

It was defendant's theory, which the court accepted, that the evidence failed to make out a prima facie case in that it failed to establish that the parking lot attendant, with whom the plaintiff dealt, had any authority, apparent or real, to contract on behalf of defendant for the bailment of plaintiff's bag and its contents. Defendant points out that the burden of establishing agency rests upon the party alleging it, and it argues that a porter or attendant employed on a parking lot has no apparent or ostensible authority to contract on behalf of his employer for the safekeeping of any property other than automobiles and their usual accessories and appurtenances. Defendant relies upon *Chesley v. Woods Motor Vehicle Co.,* 147 Ill. App. 588. That case was called to the attention of the court at the trial. In that case the plaintiff was a salesman who traveled about the city in his car and carried a sample case. For a long time he had been in the habit of taking his car to the garage of the defendant for the night, and every night he had taken his sample case out of the car and given it to a colored attendant who waited on him; he did not leave the sample case in the car; he did not question the attendant as to whether it could be safely kept in the car and was given no assurance that it would be; on the contrary, he chose, it appears, to entrust his sample case to the personal care and attention of the porter without reference to any question of liability on the part of the defendant garage company. There was an entire lack of evidence of authority of the porter, express or implied, to accept bailment of the sample case on behalf of his employer, and the evidence was clearly to the effect that the transaction was one between plaintiff and the porter person-

ally. This was the ground of the decision of the court that the plaintiff could not recover. In that case, too, the plaintiff made no demand for his sample case for about three months after he left it with the porter, and in the meantime the employment of the porter by the defendant had ceased. The case is clearly distinguishable from the uncontradicted facts disclosed by the evidence in this case.

In passing on the motion of defendant for a finding in its favor at the close of plaintiff's evidence, the question was whether plaintiff had made out a prima facie case, and in determining that issue, if there was any evidence in support of plaintiff's case which, if taken to be true, with all reasonable intendments therefrom most favorable to plaintiff, which tended to establish his case, it was error to find against plaintiff and for defendant (*Hill v. Richardson*, 281 Ill. App. 75; *White v. City of Belleville*, 364 Ill. 577; *Ziraldo v. W. J. Lynch Co.*, 365 Ill. 197.) The evidence established without contradiction that the attendant who waited upon plaintiff was the servant and agent of defendant. The only question here is as to the extent of his authority. He was, so far as the evidence discloses, the only person left in charge of the business of defendant. It was not necessary for plaintiff to prove actual authority. Defendant was as to plaintiff bound by the apparent authority of the attendant. In the absence of evidence tending to show the lack of authority every possible inference and intendment is in plaintiff's favor. The principal is just as much bound by authority, which through his acts he appears to give, as by that which has actually been given. (*Nash v. Classen*, 163 Ill. 409.) The scope of an agent's authority may be shown as well by circumstances as by proof of express authority. (*Springfield Engine & Threshing Co. v. Green*, 25 Ill. App. 106, 110.) As is said in 2 Corpus Juris Secundum, 1185, 1186, sec. 91, an

agent ordinarily "possesses the powers conferred directly upon him by the principal and certain incidental powers implied from those which have been thus conferred on the basis of necessity or custom, as well as such other powers as the principal has by his direct acts or by negligent omission or acquiescence caused or permitted persons dealing with the agent reasonably to believe that the principal has conferred and upon which such persons have relied." There is no fact or circumstance in evidence here tending to limit the authority of this attendant other than the nature of the business which he was conducting in the name of his principal. So far as the evidence discloses he was in entire charge of the business on the premises. It would seem entirely reasonable to infer that he was at least authorized to make known to a customer whether a traveling bag of this kind might be left in the automobile. That authority would seem to be necessarily inferred from the fact that he was left in charge of this business. On the uncontradicted evidence, we hold the plaintiff was entitled to recover. The evidence for plaintiff is uncontradicted and the judgment will therefore be reversed with a finding that defendant became the bailee of plaintiff's bag and its contents; that the same were lost through defendant's negligence, and that the bag and the items within it were of the total value of $159.84, for which judgment will be entered in this court, in favor of plaintiff and against defendant.

*Reversed with findings of fact and judgment here.*

McSURELY, P. J., and O'CONNOR, J., concur.