In the Matter of Estate of Joseph F. Richmond, Deceased, Thomas D. Nash, Administrator of Estate of Isaak Roichman, Deceased, Appellee, v. Mercantile National Bank of Chicago, Executor of Estate of Joseph F. Richmond, Deceased, Appellant.

Gen. No. 46,080.

Opinion filed November 30, 1953.
Released for publication March 5, 1954.

WALLACE I. KARGMAN, for appellant; NORMAN H. ARONS, of Chicago, of counsel.

CLARK & FISHER, and BLACK & BEERMANN, all of Chicago, for appellee; BENJAMIN H. BLACK, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On May 29, 1934, Joseph F. Richmond of Chicago executed his last will and testament. He died on February 24, 1950. On April 12, 1950, the will was proven and letters testamentary issued to the Mercantile National Bank of Chicago, as executor. On January 18, 1951, a complaint in chancery was filed in the circuit court of Cook county for the purpose of construing the will, and on May 18, 1951, a decree was entered construing the will. On September 19, 1951, the executor filed its second and final report and account in the probate court. Objections to the final report and account were filed by Hanna S. Roichman by her purported attorney in fact, and by Thomas D. Nash, as administrator of the Estate of Isaak Roichman, deceased. The objections were overruled. The adminis-

trator of the Estate of Isaak Roichman, deceased, appealed to the circuit court. That court found that upon the death of the testator, the beneficial interest of Isaak Roichman vested in him, Roichman; that he, Roichman, died on June 7, 1950, subsequent to the death of the testator and before the distribution of the testator's estate, and ordered that the executor pay the distributive share of Isaak Roichman to Nash, as administrator of his estate, instead of to the trustees under the will. The executor appealed from that order.

The first paragraph of the will provides for the payment of all debts and funeral expenses. The second paragraph provides that after payment of all debts and taxes the estate be divided into 12 equal shares. Subparagraphs 1 to 3, inclusive, and 5 to 7, inclusive, of the second paragraph bequeathed a $\frac{1}{12}$th share of all property, including any lapsed legacy, to each of the following:

> Eleanor Richmond, sister-in-law
> Helen Richmond, niece
> Ruth Richmond, niece
> Sholom Mintz, nephew
> Mrs. Sholom Sarah Mintz, niece
> Abe Shoichit, cousin

For convenience, these 6 persons are sometimes called "resident legatees."

The Third paragraph of the will reads:

"It being my desire to apportion the remaining six-twelfths ($\frac{6}{12}$ths) of my estate among certain of my relations making their place of abode in Russia or foreign countries and considering the economic conditions now appearing to exist in said foreign countries and considering the uncertainty of the conveyance of moneys and securities to persons located and situated in such foreign countries, I give, devise and bequeath unto

▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬

my beloved niece, Mrs. Sholom Sarah Mintz, of 1161 Shakespeare Avenue, The Bronx, New York, and Mrs. Eleanor Richmond, of 168 Lexington Avenue, Port Richmond, Staten Island, New York, as Trustees and to their successor in trust, the remaining six-twelfths ($\frac{6}{12}$ths) of my property and estate upon and subject to the following uses, purposes and trusts, that is to say:

"1. If my sister, Chana Backman of Krasiloff, Russia, is living at the time of my death, it is my wish that she be provided with two-twelfths ($\frac{2}{12}$ths) of all my property, real, personal or mixed of whatsoever character or wheresoever situate of which I may die seized or possessed or which I may own or have any interest in at the time of my death, including any lapsed legacy or legacies as devised hereunder and it is my desire that the aforesaid Trustees, Mrs. Sholom Sarah Mintz and Mrs. Eleanor Richmond, shall make distribution of the aforesaid two-twelfths ($\frac{2}{12}$ths) of my estate as herein set forth, to my beloved sister, Chana Backman, if and when they, the said Trustees, see fit to do; that the said Trustees shall have full discretionary power in and about the distribution of these shares, Provided, However, that in the event my beloved sister Chana Backman shall come to the United States of America, then in that event distribution shall be made to her immediately upon her request. It is my further desire that in the event that my beloved sister, Chana Backman, shall not survive me, then, one-half ($\frac{1}{2}$) of her share of two-twelfths ($\frac{2}{12}$ths) in my estate, shall be divided equally among Mrs. Eleanor Richmond, Ruth Richmond, Helen Richmond, Mr. Sholom Mintz and Mrs. Sholom Sarah Mintz, being the same persons hereinabove set forth."

Subparagraphs 2 and 3 of the third paragraph of the will are word for word the same as subparagraph 1

313

thereof, except that the sister of the testator, Malka Lachman of Proskuroff, Russia, and his brother, Isaak Roichman of Odessa, Russia, are each named beneficiaries of a $\frac{2}{12}$ths interest respectively under the trust in like manner as Chana Backman. Subparagraph 7 of the third paragraph reads:

"In making distribution of the principal or corpus of the trust estate or any part thereof, the Trustees may, in their uncontrolled discretion, make distribution to all or any of the beneficiaries hereunder in money or property of the trust estate or both, and the power of the Trustees as to what shall constitute a proper division among them and every selection and valuation shall be binding and conclusive upon all beneficiaries hereunder, Subject However, to the provisions set forth herein as to the coming to the United States of America of the beneficiaries under this trust."

The pleadings in the equity case in the circuit court do not appear in the record. The decree shows that the complaint was filed by Olga Spektor, a niece of Joseph F. Richmond, deceased, by "her duly substituted attorney in fact," against the trustees, the executor, Malka Lachman, Isaak Roichman, Ruth Richmond, Helen Richmond Gescheidt, Abe Shoichit and Sholom Mintz. The decree recites that the plaintiff appeared by her attorneys and the defendants by their attorney; that the cause came on to be heard upon the complaint and the answers of the defendants and upon the briefs submitted by the parties, "it having been agreed that no argument or evidence shall be taken or heard by the court, and the court having considered the said briefs and being fully advised in the premises" finds that the court has jurisdiction of all the parties and of the subject matter; that all the necessary and proper parties to the cause have been made parties, either as plaintiffs or defendants; finds the facts about the making of the

314

will, the death of Joseph F. Richmond, the proving of the will and the appointment of the executor; finds that upon the death of the decedent he left him surviving as his only heirs at law and next of kin the four nieces, including Olga Spektor, Abe Shoichit, a cousin, Malka Lachman, a sister, and Isaak Roichman, his brother. The decree recites that plaintiff claims that it is evident from the language used in the will that the devise to the trustees to distribute is indefinite and without limitation as to the time and that the trusts created by the will are also indefinite as to the time of duration and termination; that therefore the devise to the trustees is void; and that plaintiff further claims that upon the death of the testator his gifts did not immediately vest in the beneficiaries with the right only of enjoyment postponed, but the gifts were contingent upon a condition precedent recited in the will which may never occur, rendering the gifts void.

The decree further recites that on behalf of the defendants it is claimed that the equitable interests created under the will vested immediately in the legatees and only the enjoyment thereof is postponed; that therefore the gifts created under the will are valid; that reasonable doubt exists as to the meaning of the will of Joseph F. Richmond, deceased, and as to the effect thereof with respect to the meaning of Paragraph Third, subparagraphs 1, 2 and 3; that it is therefore necessary that the court construe the will and determine its effect; that the court finds that the "true intent and purpose of the testator, Joseph F. Richmond, deceased, in and by his last will and testament, was and the proper construction of said will is as follows: (a) That the devise in said Paragraph Third, subparagraphs 1, 2 and 3 to the trustees to distribute is not indefinite and is not without limitation as to time and that said trusts are not without limitation as to the time

315

of duration and termination; that therefore the gifts created in said Paragraph Third, subparagraphs 1, 2 and 3 do not violate any rules of law under the statutes of the State of Illinois in such case made and provided and are therefore valid. (b) That upon the death of the said decedent, Joseph F. Richmond, his gifts under said will vested immediately in the legatees named in said will with only the right of enjoyment postponed; that said gifts were not contingent upon a condition precedent recited in the will." The court retained jurisdiction for the purpose of determining attorneys' fees. On September 19, 1951, subsequent to the entry of the decree in the circuit court, the executor filed its second and final report and account in the probate court. To each of the resident legatees there was distributed $\frac{1}{12}$th of the residuary estate and a share of the lapsed legacy, and to the trustees there was distributed $\frac{4}{12}$ths of the residuary estate and pursuant to subparagraph 1 of Paragraph Third of the will, the lapsed legacy of Chana Backman, consisting of $\frac{2}{12}$ths of the residuary estate left in trust, was divided in half, with one-half being distributed equally between the resident legatees, excluding Abe Shoichit, and the remaining half being distributed to the trustees. Objections to the final report and account were filed by Hanna S. Roichman by her purported attorney in fact, alleging that Isaak Roichman died subsequent to the testator leaving him surviving Hanna S. Roichman, his widow, as his only heir and next of kin, and that since the gift of Isaak Roichman was vested upon the death of the testator pursuant to said decree, she was entitled to $\frac{2}{12}$ths of the estate, together with the distributive share of the lapsed legacy. Objections were subsequently filed by Thomas D. Nash alleging that he was the duly appointed administrator of the estate of Isaak Roichman, deceased, who died on June 7, 1950, subsequent to the

316

death of the testator; and on the basis of the decree prayed for an order declaring the trust created for Isaak Roichman terminated upon his death subsequent to that of the testator. The administrator prayed that the corpus of the trust be paid to him by the executor. The probate court approved the final report and account and overruled the objections of all parties. The administrator appealed to the circuit court. There the administrator introduced certified copies of the will of Joseph F. Richmond, deceased, the decree in the circuit court and the letters of administration. The letters recite that Isaak Roichman died on June 7, 1950.

The decree construing the will was entered on May 18, 1951, more than a year after the issuance of letters testamentary. The Probate Act provides that the executor shall pay from the estate inventoried within nine months after the issuance of letters all claims entitled to be paid therefrom, and may enforce the settlement of estates by ordering the executor to distribute the estate to the persons entitled thereto. At the time the decree was entered, more than nine months had elapsed since the issuance of the letters. There was more than sufficient to pay the debts, costs and fees, and it was the duty of the executor to distribute the estate. It appears that a doubt arose as to whether the trust provisions of the will violated the rule against perpetuities or the provisions of any statute. As a consequence a complaint in chancery was filed. All necessary parties were joined. The decree recites that the cause came on to be heard upon the complaint and the answers thereto of the defendants. Isaak Roichman was a defendant and presumably an answer was filed for him. There is a presumption that an attorney at law as an officer of the court, has authority to act for a client whom he professes to represent. 7 C. J. S. Attorney and Client, Sec. 73, page 875. Death of the

317

client terminates the relation of attorney and client and the attorney's authority to act by virtue thereof, unless the power of the attorney is coupled with an interest or the employment by its terms is to extend beyond the happening of such event. 7 C. J. S. Sec. 113, page 945. The third paragraph of the decree found that the decedent left him surviving the persons listed as his only heirs at law and next of kin. Among these appears Isaak Roichman. The name of Chana Backman is not listed as among the heirs. There is no statement in the decree that she died. We assume from the briefs that this was the fact. The decree recites the contentions of the plaintiff and defendants as to the construction to be placed on the trust provisions of the will. The decree recognized the distinction between beneficiaries and legatees and after declaring that the trusts do not violate any rules of law or any statute of the State, found that upon the death of Joseph F. Richmond "his gifts under said will vested immediately in the legatees named in said will with only the right of enjoyment postponed; that said gifts were not contingent upon a condition precedent recited in said will." The decree was introduced by the administrator. On its face it shows that the court had jurisdiction of the subject matter and of the parties. The decree could not be binding upon Isaak Roichman or any persons claiming by, through or under him unless he were living at the time of its entry. The administrator, having introduced the decree, is not in a position to impeach it or any of its findings. Isaak Roichman was a necessary party in the case to construe the will. If there was a mistake of fact in the chancery case, that should be corrected in an appropriate proceeding. There was no appeal from the decree and we feel bound to recognize it as valid and binding upon the parties and their privies. Neither the parties nor the decree contem-

318

plated that Isaak Roichman died subsequent to the death of the testator. The decree declared the validity of the trust provisions of the will. If the chancellor were informed prior to the entry of the decree that Isaak Roichman died subsequent to the death of the testator, there can be little doubt that, aided by the attorneys and appropriate pleadings, he would have construed the will in the light of the changed situation. The decree did not envision a situation that might arise on the death of Isaak Roichman or his surviving sister, Malka Lachman. There was no contention before the chancellor that the bequest should not go to the trustees. In our opinion the order of the probate court overruling the administrator's objections was right. On the instant appeal we are not called upon and do not decide what disposition the trustees shall make of the bequest to them for the benefit of Isaak Roichman, should it be established that he died. That question can be determined in an appropriate proceeding.

For the reasons stated the order of the circuit court of Cook county entered on November 18, 1952, is reversed and the cause remanded to that court with directions to overrule the objections to the final report and account.

*Order reversed and cause remanded with directions.*

NIEMEYER, P. J. and FRIEND, J., concur.