Trailer Leasing Co., an Illinois Corporation, Plaintiff-Appellant, v. Sam Scrappo, d/b/a S & T Motor Service, Defendant-Appellee.

Gen. No. 51,606.

First District, First Division.

June 24, 1968.

Rehearing denied September 17, 1968.

Jules S. Gershon, of Chicago (Philip Z. Levinson, of counsel), for appellant.

Albert I. Zemel and Marshall Patner, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

In this action, plaintiff, Trailer Leasing Co. (Trailer Leasing), a corporation, as lessor, seeks to recover from defendant, Sam Scrappo, doing business as S & T Motor Service (S & T), lessee, the value of a trailer it leased to defendant which allegedly was never returned. A bench trial before a magistrate resulted in a judgment in favor of the defendant from which plaintiff appeals.

Mathew Alagna, the owner and operator of Trailer Leasing, a company which is engaged in the business of

leasing tractors and trailers, testified that his company leased a new trailer to S & T on May 3, 1962, and that it was never returned. He further testified that his company had "several locations," including the business office, the repair garage, and two lots which were fenced in and locked where the trailers and tractors were stored. On redirect examination a defense objection to testimony concerning Trailer Leasing's normal business operations with regard to the return of leased equipment was sustained.

Kenneth Krueger, a police officer for the City of Chicago, testified that he had occasion to go to the offices of Trailer Leasing in response to a report that a trailer had been stolen. He questioned Perry Obilil, who was employed by Trailer Leasing, and Obilil told him that the trailer which had been under lease to S & T, was a 1959 model and had been stolen from the company lot between midnight and 8:00 a. m. on July 6, 1962.

Perry Obilil testified that at the time he reported to the police that the trailer had been stolen he had no personal knowledge of the theft. He told the police that the trailer had been reported as being returned by S & T.

Sam Scrappo testified that he had been leasing equipment from Trailer Leasing for a long period of time at the time of the disputed incident. He further testified that the written lease for the trailer in question had been sent to him by mail, and that he had signed it and returned it by mail to Trailer Leasing. He stated that receipts were never given by Trailer Leasing at the time the trailer was returned, but rather they were sent out in the mail shortly thereafter. Scrappo was billed for trailers a few days after they were returned; however, in the case of the trailer that had been stolen, he never received a bill nor did he request one. Scrappo testified

that prior to July 6, 1962, his company would, on occasion, return trailers during the weekend.

Orice Belvidere, an employee of S & T, testified that he had driven the particular trailer in question to the plaintiff's repair garage on July 5, 1962. In returning the trailer he drove it directly to the garage because it had two flat tires. When Belvidere arrived at the garage one of defendant's employees, a man named Eddy, told him to take the trailer behind the garage. According to Belvidere, he took the trailer to the back of the garage building, unhooked it and left it. Belvidere further testified that he had returned trailers to plaintiff's company many times and that he knew many of the garage employees on a first-name basis. He stated that on his past trips to Trailer Leasing he had, on occasion, received a receipt for the return of the trailer, but that on July 5th he did not receive one. He testified that he knew Trailer Leasing's business offices were probably closed at the time he returned the trailer, but that he had in the past returned trailers as late as 9:00 p. m. on Friday nights.

The executed leasing contract is silent on any specific method for the return of the trailer. Every bailment contract contemplates the return of the bailed property and the parties do not dispute this. Plaintiff was not permitted at trial to offer testimony relating to his established business practice with regard to the return of leased trailers. He made an offer of proof which was refused.

In his offer of proof, plaintiff testified that he had six hundred vehicles under lease to various customers, and that he didn't take back any leased equipment after 5:00 p. m. on Friday nights. He further testified that he never stored any of his equipment on the premises behind the garage. He stated that all customers received a receipt immediately upon return of the property, and that there was no exception to this procedure.

The authority of a bailee is limited by the terms of the contract whereby he obtains possession of the bailor's property. ILP, Bailments, § 7. When a contract of bailment is silent on the subject of the redelivery of the bailed property, as it is in the instant case, the bailee's obligation to redeliver is generally regulated by the custom and usage of business at the place where the bailment is made, and such custom and usage is considered as being part of the contract. 8 CJS, Bailments, § 37 (b). We have concluded that the trial judge erred and committed prejudicial error in refusing to hear testimony as to plaintiff's customary dealings in respect to the return of bailed property. Custom and usage formed an integral part of the contract under which defendant's responsibilities for redelivery of the trailer were to be determined. This evidence was particularly important in view of the fact that there had been a long period of business dealings between the parties. The evidence was admissible (Greene v. Gust, 26 Ill App2d 2, 7, 167 NE2d 438), and should have been considered by the trial judge in construing the intention of the parties as manifested in the leasing agreement.

We have considered the cases cited by the defendant, but in view of our holding that it was error to deny plaintiff's proof on custom and usage it becomes unnecessary to discuss them. The case of Mulhern v. Public Auto Parks, Inc., 296 Ill App 238, 16 NE2d 157, is inapplicable on the facts.

For the reasons stated the judgment of the First Municipal District of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ADESKO and MURPHY, JJ., concur.