Per Curiam.

While there have been holdings that an attendant in charge of a garage or parking lot may have authority to contract for the bailment of the contents of a car to the extent of a zipper traveling bag and contents of a value of $159 (Mulhern v. Public Auto Parks, 296 Ill. App. 238), or of a value of $350 (Parkrite Auto Park v. Badgett, 242 S. W. 2d 630 [Ky.]), or of a suitcase and contents valued at $600 (Homan v. Burkhart, 108 Cal. App. 363), it is wholly inconsistent with the position of a night attendant in a garage to infer that he had authority to accept property of a value of almost $23,000. The defendant is in the business of storing cars, not jewelry. The basis for find *370 ing apparent authority being lacking, there was no acceptance by the defendant of the property and therefore no bailment was established (Osborn v. Cline, 263 N. Y. 434).
The judgment should be reversed, with $30 costs and complaint dismissed.
Concur — Lupiano, J. P., Markowitz and Gold, JJ.
Judgment reversed, etc.