*In re* MARRIAGE OF DIANE KATHLEEN FREDRICKSEN, Petitioner-Appellee, and WILLIAM ROBERT FREDRICKSEN, Respondent-Appellant.

Second District   No. 2—86—0962

Opinion filed August 27, 1987.

Raymond T. Brasel, of Batavia, for appellant.

Daniel F. Klenke, of Alschuler, Putnam, McWethy, Funkey & Lewis, P.C., of Aurora, for appellee.

JUSTICE REINHARD delivered the opinion of the court:
Following the judgment of dissolution of the marriage between Diane Kathleen Fredricksen (wife) and William Robert Fredricksen (husband), husband was found in contempt of court on September 11, 1986, for violating a previous order in the dissolution proceedings and was sentenced to the Kane County jail until he purged himself by paying $1,300 to his former wife for his default of a mortgage payment. Notice of appeal was filed by husband's attorney, Raymond T. Brasel, on October 14, 1986. Two issues are raised on appeal: (1) that the record fails to warrant a finding of indirect civil contempt, and (2) that the provision for purging the finding of contempt was improper.
Wife filed a motion to dismiss the appeal on the ground of mootness, attaching a death certificate for husband which discloses that he

committed suicide on September 21, 1986. Attorney Brasel filed an objection to the motion to dismiss stating that the appeal survived husband's death because of the stigma attached to the finding of contempt and the assessment of the $1,300 as "purge money." We ordered that the motion and objection be taken with the case and, subsequently, directed attorney Brasel to respond to this court as to his authority to file a notice of appeal and a brief on behalf of husband where the record indicates that husband died before the notice of appeal was filed and no substitution of party for husband is of record. Brasel responded that he was authorized by husband prior to his death to appeal and no substitution of parties was undertaken because Brasel believed the appeal was properly in husband's name and in his interest.

Assuming that the finding of civil contempt and the imposition of the $1,300 purge money which was paid by husband to secure his release from jail is an action which does not abate the appeal upon husband's death (see *Hannah v. People* (1902), 198 Ill. 77, 82, 64 N.E. 776), the appropriate issue is whether husband's attorney may pursue this appeal in husband's name without substitution of a proper party.

■ Substitution of parties in civil actions in the circuit court is governed by section 2—1008 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008) which provides, in pertinent part, as follows:

> "(b) Death. If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party.
>
> If the death of a party to a personal action is suggested of record and no petition for letters of office for his or her estate has been filed, the court, upon motion and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If a legal representative is appointed for the estate before judgment is entered, and his or her appointment is suggested of record in the action, the court shall order that the representative be substituted for the special administrator.
>
> If a judgment is entered or the action is settled in favor of the special administrator, he or she shall distribute the proceeds as provided by law, except that if proceeds in excess of $1,000 are distributable to a minor or person under legal dis-

ability, the court shall allow disbursements and fees to the special administrator and his or her attorney and the balance shall be administered and distributed under the supervision of the probate division of the court.

In the event of the death of a party in an action in which the right sought to be enforced survives only as to the remaining parties to the action, the action does not abate. The death shall be suggested of record and the action shall proceed in favor of or against the remaining parties.

No action brought for the use of another abates by reason of the death of the plaintiff whose name is used but may be maintained by the party for whose use it was brought in his or her own name upon suggesting the death of record and the entry of an order of substitution." Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b).

In all appeals in civil cases, the reviewing court may, in its discretion, and on such terms as it deems just pursuant to Supreme Court Rule 366(a)(2) (107 Ill. 2d R. 366(a)(2)) "allow substitution of parties by reason of *** death."

■ Here, no motion for substitution of a proper party for husband following his death has been made in either the trial or reviewing court in accordance with the foregoing provisions. There is no authority for the deceased husband's attorney to proceed in this matter on his own under these circumstances. Generally, the relation of attorney and client is terminated by the death of the client, and, thereafter, authority of the attorney to represent the interests of a deceased client must come from the personal representatives of the decedent. (7 Am. Jur. 2d *Attorneys at Law* sec. 171 (1980); see *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 675, 455 N.E.2d 200; *In re Estate of Richmond* (1953), 1 Ill. App. 2d 310, 317-18, 117 N.E.2d 583.) Accordingly, this appeal is dismissed.

Dismissed.

LINDBERG, P.J., and UNVERZAGT, J., concur.