Mid-City Trust and Savings Bank et al., Appellees, v. City of Chicago et al., Defendants.
Appeal of George C. McCarthy, Appellant.

Gen. No. 39,550.

472

Opinion filed December 6, 1937.

JOSEPH J. SULLIVAN, JR., of Chicago, for appellant.

GUSTAV E. BEERLY, of Chicago, for appellees; GEORGE GILLETTE, JOHN F. DIFFENDERFFER, JR. and JOHN F. McCARTHY, all of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

George C. McCarthy appeals from a decree (entered upon a master's report) which denied him an attorney's first lien of $2,561.25 on an award in condemnation proceedings commenced by the city of Chicago.

The instant suit was brought by the Mid-City Trust & Savings Bank, the present owner of the premises, and the Chicago Title and Trust Company, trustee under a trust deed conveying them. The complaint made defendants the city and a number of persons who it was thought might have claims. The city has indicated its willingness to abide by the order of the court with reference to the payment of the award. The amount of the award to be paid by the city is $9,254. Plaintiffs claim all of this and the decree in effect held with them. Defendant McCarthy claims an attorney's lien on this fund in the amount indicated, and this is the only question involved in this appeal.

Plaintiffs claim all of the award by virtue of (1) a trust deed which, it is argued, is an equitable assign-

ment of all interest in the award; and (2) by reason of an instrument by which defendant is said to have subordinated his claim to that of plaintiffs.

In May, 1925, Giulio Petito and his wife acquired title to certain lots on Western avenue in Chicago. The Mid-City Trust & Savings Bank, now the owner, acquired title in August, 1932.

June, 1925, the city of Chicago commenced condemnation proceedings to take the east 17 feet of these lots for widening the street; the Petitos employed defendant as their attorney to represent them in the condemnation proceeding, agreeing orally to pay him as a fee for his services 25 per cent of any increase in the award and of any reduction in the assessment procured by him. April, 1928, defendant procured the entry of orders increasing the award and reducing the assessment in very substantial amounts, and in May he filed in the office of the recorder of Cook county a notice addressed ''To whom it may concern,'' stating that he claimed a lien upon the award for damages to the premises, describing them, for services rendered to the amount of $2,561.25, pursuant to an agreement with the Petitos, owners of the property; the notice purported to be given pursuant to the provisions of the act concerning attorney's lien.

July 13, 1928, final judgment was entered in the condemnation proceeding finding an excess in the award over the assessment of $9,254.

Subsequently the Petitos sought a loan upon the premises not taken by the condemnation proceeding for the purpose of erecting a garage. The master found that Petito informed the bank from which the loan was sought (not the plaintiff) that he had no money with which to pay the assessment against the premises and would have to wait until the money was received from the award before he could pay it; that it was then agreed that the bank would make a loan

of $25,000 and that the assessment would be paid out of the award, the balance of the award to be paid to the trustee to apply on the indebtedness.

July 18th the trust deed to secure the loan was recorded, conveying to the Chicago Title and Trust Company, as trustee, the entire premises, including the east 17 feet taken by condemnation. The trust deed contained no words conveying any interest in the award. It is this conveyance which plaintiffs say amounts to an assignment of the Petitos' interest in the condemnation award. The title to this 17 feet was then in the city and the purported conveyance of it was ineffectual and conveyed neither the land nor the award. *Feldman v. City of Chicago*, 363 Ill. 247.

The only language in the trust deed referring to the award is: "In case any part or parts of the mortgaged property, or any interest therein, shall be taken under any condemnation or eminent domain proceedings, or damages by reason thereof, the net amount of the compensation or damages realized therefrom shall be paid to the Trustee and shall be held and disbursed in the same manner as though realized from a foreclosure sale of such property, under the provisions hereof."

Before making the loan, application by the lending bank was made to the Chicago Title and Trust Company for a guaranty policy; that company reported the recording of the claim by defendant of an attorney's lien, and defendant was requested to execute a subordination agreement, to which we will subsequently refer. The owners and the bank making the loan, and the trustee, were fully informed as to defendant's claim of a lien which could be enforced at any time by filing notice with the city, as the statute requires. Ch. 13, ¶ 13, Ill. State Bar Stats. 1935, § 1; Jones Ill. Stats. Ann. 9.13.

In *Catherwood v. Morris,* 360 Ill. 473, a decree was entered confirming a settlement between litigants; the following day notice was received by Morris of a claim of attorney's lien; it was contended that the attorney's lien did not extend to the property acquired in the settlement. The court said, "The statute gave the petitioner a lien to the amount of his claim upon the causes of action entrusted to him for collection (*Baker v. Baker,* 258 Ill. 418) and when the causes of action were finally realized upon by the acquisition of certain real and personal property, such property represented the original complainants' claims, and the attorney's lien followed the claims into such property and the lien was impressed thereon. (*Tracy v. Ringrole,* 262 Pac. [Cal. App.] 73.) In equity the attorney's lien extends to the proceeds into whosesoever hands such proceeds may come in the settlement." In *Baker v. Baker,* quoted in the opinion, it was held that the statute created an attorney's lien and also provided for its enforcement, and that the service of the notice upon the judgment debtor has the effect of an assignment of an interest in the judgment. In *Hawk v. Ament,* 28 Ill. App. 390, an attorney sought to collect his fee from the assignee of a judgment of his client, the judgment creditor; his claim was sustained, the court holding that the interest of an assignee is limited by the equities of his assignor. See also *Salem Trust Co. v. Manufacturers' Finance Co.,* 264 U. S. 182.

We do not see how in justice the instant owners, the lending bank and the trustee could make an agreement of which the defendant knew nothing and which would have the effect of destroying his lien for attorney's fees. We hold that it was necessary under the circumstances to procure the consent of defendant before the agreement in the trust deed with reference to the award could become effectual. Plaintiffs argue

that by the so-called subordination agreement defendant consented to this and agreed that his lien for attorney's fees should be subordinated to the lien of the trust deed to the Chicago Title and Trust Company.

Defendant is not claiming a lien on the real estate, only upon the award, and he contends that this subordination agreement referred only to the real estate and not to the award. When defendant signed this agreement, so far as the record shows, he did not know of the agreement between the owners and the other parties with reference to the disposition of the condemnation award.

Examination of the so-called subordination agreement discloses that it is predicated upon fictitious documents and is so full of mistakes that it might well be discarded as of no weight. For instance, it commences by describing a contract made by the Petitos touching the premises in question, describing them, and recorded in the recorder's office on a certain day, giving the document·number; this contract is said "to secure their contract" for $2,561.65 with interest. The record fails to show the existence of any such contract and on oral argument the attorneys said there was no such contract. The document proceeds to describe the trust deed to the Chicago Title and Trust Company as trustee, conveying "said premises," evidently referring to the legal description previously given in the document. It says nothing about any award.

The document further proceeds to describe certain notes which it is said are held and owned by McCarthy, who desires to subordinate the lien of his trust deed securing these notes to the lien of the trust deed to the Chicago Title and Trust Company. The record fails to show any such notes or trust deed, and again counsel on oral argument stated there are no such notes or trust deed owned by McCarthy, and

that the inclusion or reference to them in the document was a mistake.

The document further recites that in consideration of $1 McCarthy agrees that "the lien of the contract owned by said George C. McCarthy and of the trust deed securing the same shall be and remain at all times a second lien upon the premises thereby conveyed subject to the lien of the trust deed to said Chicago Title & Trust Company." As we have said, there was no such contract as thus described nor any trust deed purporting to secure it.

There is evidence that defendant executed this document for the purpose of releasing his lien on the real estate and not on the award. It was to remove the objection made by the Chicago Title and Trust Company before issuing its guaranty policy. The guaranty policy itself only guarantees the trust deed as a first lien upon the real estate. Whatever effect may be given to this remarkable document, called a subordination agreement, we are of the opinion that all the circumstances show that it should be construed as releasing whatever the interest of defendant might be in the real estate and not in the award.

The chancellor overruled all exceptions to the master's report, but prior to the entry of the decree defendant asked leave to file a petition in the nature of a supplemental answer, which was granted; in it, among other things, he asserted that on November 21, 1936, he served by registered mail on the city of Chicago a proper notice of his attorney's lien, attaching a copy to his petition. Plaintiffs filed a motion to strike this on the ground that an attorney's lien is created only by serving of the statutory notice, and when thus created is not retroactive as of the date of the original contract of employment. The court sustained this motion to strike and entered a decree finding defendant to have a valid and subsisting attor-

ney's lien upon the condemnation award, subject only to the lien of the Chicago Title and Trust Company as trustee.

The provision of the attorney's lien statute for the service of notice is for the protection of the judgment debtor and not for the benefit of the client. As was said in *Baker v. Baker,* supra, the statute creates a new and substantial right in favor of the attorney and "divests the client of substantial rights that he theretofore possessed." The city is not complaining with reference to the notice to it and stands ready to pay the award as directed by the court. The fact that the considerable time which has elapsed since the making of the contract of employment and the service of notice has injured none of the parties, and as the condemnation award still remains unpaid, we do not see how plaintiffs can take advantage of any delay in serving the notice. The attorney's lien statute does not limit the time within which notice must be served.

Plaintiffs' complaint sought to determine the interests of all the parties in a common fund, namely, the condemnation award. All parties were already before the court. It was not necessary to make them parties to defendant's supplemental petition.

For the reasons indicated the decree of the superior court is reversed and the cause is remanded with directions to give defendant George C. McCarthy a first or prior lien upon the condemnation award in the sum of $2,561.25.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.