DR. CHARLES W. SMITH III, LTD., Plaintiff-Appellant, *v.* CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 83—731

Opinion filed March 19, 1984.

Jordan B. Rifis, of Oak Park, for appellant.

James T. Otis and Monica L. Thompson, both of Keck, Mahin & Cate, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Dr. Charles W. Smith III, Ltd., brought this action against defendant, Connecticut General Life Insurance Company, to recover $1,761.00 for services rendered to defendant's insureds. Plaintiff appeals from a judgment in a bench trial entered in favor of defendant. The sole issue raised by both parties on appeal is whether summary dismissal of plaintiff's claim based upon a determination that there was an invalid assignment was proper.

Initially, we note that no report of proceedings was filed in this case; however, the parties agreed on appeal that a directed verdict was granted by the trial court at the close of plaintiff's case based solely on a matter of law that there was no valid assignment. (See *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 349 N.E.2d 399.) Additionally, the parties agreed at oral argument that the facts in this case are not in dispute.

In 1981, plaintiff rendered dental services to Marie Johnson and to Henry Brimmer, Jr. Marie and Henry are dependents of General Motors Corporation employees who are qualified to receive benefits under defendant's insurance program. Before being treated, Marie and Henry each signed and submitted to plaintiff their claims for dental coverage on proof of claim forms provided by defendant. The printed form contains the following clause which is the basis for the dispute in this case:

"AUTHORIZATION TO PAY DENTIST—I hereby authorize payment directly to the below named Dentist of the Group Insurance Benefits otherwise payable to me."

The form also contains spaces for the signatures of the dentist and the insured patient. After supplying the requested information, plain-

tiff signed and submitted the completed forms to defendant. Following treatment, defendant paid directly to Marie and Henry the benefits due them under their respective policies.

Section 370a of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 982a) provides for the assignment of health insurance benefits by the owner of the rights under the policy. The Code, in pertinent part, provides that:

"No provision of the Illinois Insurance Code, or any other law, prohibits an insured under any policy of accident and health insurance or any other person who may be the owner of any rights under such policy from making an assignment of all or any part of his rights and privileges under the policy ***" Ill. Rev. Stat. 1981, ch. 73, par. 982a.

Plaintiff contends that the language in defendant's form was sufficient to create an assignment of insurance benefits from the insureds to plaintiff. Plaintiff argues that since Marie and Henry signed the forms, they intended that defendant pay plaintiff directly the insurance benefits owed to them under their respective policies. Plaintiff relies on *Greater Kansas City Baptist & Community Hospital Association, Inc. v. Businessmen's Assurance Co.* (Mo. App. 1979), 585 S.W.2d 118, to support his argument that the clause in defendant's form amounts to an assignment. In that case, the court determined that an authorization to pay clause, similar to the one in the instant case, showed a clear intention to assign insurance benefits from the insured to the hospital.

Defendant has advanced several reasons in support of the position that the authorization clause does not amount to an assignment of the insured's benefits. However, we need not explore all of the various theories advanced for whether or not the disputed language constitutes a valid assignment in view of defendant's course of conduct in this matter. Nor do we believe it productive in this case to address the cases from other jurisdictions that are relied upon by defendant. See *Piedmont Southern Life Insurance Co. v. Gunter* (1963), 108 Ga. App. 236, 132 S.E.2d 527; *East Texas Life & Accident Insurance Co. v. Carver* (Tex. App. 1966), 407 S.W.2d 251; *Presbyterian Hospital v. National Life & Accident Insurance Co.* (Tex. Civ. App. 1972), 480 S.W.2d 497.

■ It is well established that to constitute a valid assignment, no particular form of words is necessary. (*Savage v. Gregg* (1894), 150 Ill. 161, 37 N.E. 312.) Any words which show an intention of transferring the chose in action to the assignee for valuable consideration are sufficient to create an assignment. (*Savage v. Gregg.*) Where the lan-

guage of an agreement is ambiguous, however, a court may look beyond the document to ascertain the sense in which the parties used particular terms. (*Northern Trust Co. v. Tarre* (1981), 86 Ill. 2d 441, 427 N.E.2d 1217.) Moreover, a contract will be construed most strongly against the preparer. *Saddler v. National Bank* (1949), 403 Ill. 218, 85 N.E.2d 733; *Smith v. Johnston* (1979), 73 Ill. App. 3d 601, 391 N.E.2d 1092.

In this case, the disputed language was contained in a preprinted form supplied to the plaintiff by defendant's insureds. The form was prepared and distributed by defendant and defendant intended that the form be utilized by its insureds in claiming benefits under defendant's insurance program. The language defendant chose to include in its form is unambiguous and without conditions and invites the realistic expectation that the dentist named in the form would receive payment for his services directly from defendant. Additionally, defendant's form fails to apprise or inform one that after properly executing the form and submitting it to defendant, payment would not be received in due course.

In fact, it is unfair to place the burden on plaintiff to establish that the plain and unambiguous language in the form did not confer any right to reasonably expect direct payment from defendant. It is undisputed that defendant had reason to know that its form would be used for the commercial purpose intended. Defendant's procedure and conduct precipitated the entire circumstances from which the insureds derived direct benefits and from which, it could be argued that, an indirect benefit was bestowed upon defendant to the detriment of plaintiff. Were we to determine otherwise, defendant would possibly be in the position to exercise total discretion in selecting who was to be paid the benefits under the policy thereby leaving both the insured and the dentist in doubt as to whom the insurer would choose to pay.

■ Moreover, it appears that the purpose of the form is to facilitate the distribution of the insureds' benefits to third parties who provide, as in the instant case, dental services. If the form was found to be unenforceable against defendant, it would not be conjecture to maintain that the form was misleading and would adversely affect innocent parties. As such, we are convinced that defendant has, with knowledge, caused, induced and contributed materially to the position of plaintiff and his patients and defendant should be precluded from asserting that the plain language "I hereby authorize payment directly to the below named Dentist ***" is unenforceable as an assignment. (See *Greer v. Carter Oil Co.* (1940), 373 Ill. 168, 25 N.E.2d 805; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298,

393 N.E.2d 1223.) Defendant could have employed some language in its form reasonably calculated to apprise plaintiff of the risk of not receiving direct payment from defendant. No such language was employed in this form. Therefore, under the facts and circumstances of this case, we conclude that defendant is estopped from attacking the validity of its own form (*Dubosz v. State Farm Fire & Casualty Co.* (1983), 120 Ill. App. 3d 674, 458 N.E.2d 611) and hold that the trial court erred in granting defendant's motion to dismiss at the close of plaintiff's case.

Accordingly, the circuit court's judgment is reversed and this cause remanded for a continued hearing to allow defendant to raise other defenses, if any, it has to plaintiff's claim, other than to attack the validity of the assignment.

Judgment reversed and remanded.

BUCKLEY, P.J., and GOLDBERG, J., concur.