MADGE HOBART, Plaintiff-Appellee, v. CHESTER O. HALE *et al.*, Defendants-Appellants.

Third District   No. 3—84—0341

Opinion filed April 25, 1985.

Glenn F. Ruud, of Rock Island, for appellants.

Peter Denger, of Rock Island, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The matter before us today was initiated by plaintiff Madge Hobart as a complaint and confession of judgment on a note dated January 28, 1980, signed by defendants, Chester and Genevieve Hale, and in the amount of $10,000. The note on its face was made payable on demand to Walter Stradley and endorsed on the reverse side to the plaintiff. Judgment by confession was entered January 14, 1984, by the circuit court of Rock Island County in the sum of $12,000— $10,000 in principal plus $2,000 in attorney fees. Summons to confirm judgment by confession was served on February 1, and on February 29, 1984, defendants filed motions to open and vacate the judgment by confession as well as their answer to the complaint. On May 1, 1984, the court granted defendants' motion to vacate and opened the matter for a trial on the merits. At the conclusion of testimony and presentation of counsel's arguments, the court took the matter under advisement. The court's decision of May 11, 1984, found in favor of plaintiff and awarded judgment of $10,000 plus costs and $2,081.25 in attorney fees. Defendants thereafter filed a timely notice of appeal to this court.

Defendants' primary contention is that the trial court's judgment is contrary to the manifest weight of the evidence. Defendants urge that the judgment be reversed and vacated, that judgment be entered for defendants, and that plaintiff's cause of action be dismissed with prejudice. Plaintiff maintains that the trial court's decision should be affirmed and an additional award of $1,968.75 be approved for attorney fees incurred at the appellate level. We find neither party's position persuasive, but find that the matter must be remanded to the trial court for the purpose of joining a necessary party—namely, the estate of Alice Dinkle, deceased since 1981.

The facts as they appear from the testimony of the parties and Walter Stradley are somewhat complex, but will be set forth chronologically to the extent possible. In 1972 and 1973 Walter Stradley, an attorney, represented defendants Chester and Genevieve Hale with respect to certain real estate litigation in Warren County entitled Hale v. Ault. Stradley became ill, and the matter was taken over by other counsel. Stradley was not paid for his services, but maintained an on-

going relationship with the Hales. He was kept apprised of the progress of the litigation, which eventually wended its way to Federal court in Chicago as a discrimination suit.

Meanwhile, it appears that in 1973 a woman named Alice Dinkle sued Stradley and received a judgment against him for an unknown sum. A copy of the judgment cannot be found in the record before us. In supplemental proceedings to enforce that judgment, Stradley was ordered to assign to Dinkle the unpaid fees owed by the Hales. Although a copy of the assignment itself is not in the record, it appears that the court's order was dated February 25, 1976, and that Stradley complied by executing the assignment as ordered in 1976.

Stradley lost his license to practice law in 1977. His secretary, plaintiff Madge Hobart, who had been with Stradley since 1968, kept Stradley's law office open until 1979 at her own expense, and she was continuing to work for Stradley on a part-time basis at the time of the trial of this matter on May 1, 1984. Hobart testified that she had received no reimbursement or compensation from Stradley since early 1978.

Mrs. Dinkle never cancelled, reassigned or collected on Stradley's 1976 assignment during her lifetime. She died in 1981. According to the record before us, the assignment was not included in her estate's inventory.

Although the record is extremely confused as to the next series of events relevant to this suit, it appears that in early 1982 or 1983 Stradley appeared on behalf of the Hales at a deposition in connection with the Federal litigation in Chicago. The matter of fees owed Stradley on the Warren County litigation was broached, and the Hales and Stradley agreed upon a sum of $10,000 for legal services. The judgment note which is at the heart of the matter now before us was drawn confessing judgment in the amount of $10,000 payable to Stradley. Although it bears a date of January 28, 1980, testimony of the Hales and Stradley indicate that it was not in fact signed until 1982 or 1983. According to Stradley, another document bearing the date of January 3, 1983, was signed by the Hales concurrently to secure the note. That document is entitled "assignment" and reads as follows:

> "FOR VALUE RECEIVED, the undersigned do HEREBY ASSIGN, TRANSFER AND SET OVER TO WALTER E. STRADLEY the sum of $10,000.00 of the proceeds received pursuant to a judgment that may be entered in a certain action pending in the United States District Court of the Northern District of Illinois, Eastern Division, Chester O. Hale and Gene-

vieve A. Hale, Plaintiffs, vs. Lula L. Ault and Russell F. Ault, et al Defendants, No. 81 C 3169, to secure a certain promissory note Dated January 28, 1980 payable to said Walter E. Stradley.

Dated at Rock Island, Illinois, this 3rd day of January, 1983.

Chester O. Hale    (signature)

Genevieve A. Hale    (signature)."

Although the Hales expressed some reluctance to sign the note and assignment document, they did so on Stradley's assurances that Alice Dinkle had died some time ago without acting on Stradley's prior assignment of his fees to her.

On January 6, 1984, Stradley procured a document entitled "disclaimer" from Robert Ellison, an attorney with Klockau, McCarthy, Ellison, Rinder & Hartsock, the firm that had represented Mrs. Dinkle in her 1973 suit against Stradley. This document reads as follows:

"An Assignment of fees owed Walter E. Stradley by Chester O. and Genevieve Hale was given to Alice Dinkle, which Assignment stated as follows:

'Pursuant to prior order of the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, entered on the 25th day of February, 1976, in Cause No. 73 LM 391, Walter E. Stradley does hereby transfer and assign to Alice Dinkle all right, title and interest in and to a certain statement or claim for legal services and costs previously rendered by Walter E. Stradley to Chester O. and Genevieve Hale, R.R. #2, Taylor Ridge, Illinois, on account of Walter E. Stradley's prior representation of Hales in the trial of a cause entitled Chester O. Hale and Genevieve Hale vs. Russell Ault and Lula Ault, Warren County, Illinois, cause number 73 LM 26.

Walter E. Stradley'

Signature duly notarized.

The law firm of Klockau, McCarthy, Ellison, Rinden & Hartsock disclaims any intention of pursuing the claim against Chester O. and Genevieve Hale for fees owed to Walter E. Stradley concerning the law suit.

Dated this 6th day of January, 1984.

KLOCKAU, McCARTHY, ELLISON, RINDEN & HARTSOCK

By    Robert L. Ellison (signed)

Robert L. Ellison."

No date appears of record as to when Stradley endorsed the 1982 or 1983 judgment note to Hobart; however, the record indicates the endorsement may have taken place after the disclaimer document was signed by Ellison.

Finally, although no evidence was introduced, counsel for both parties suggested during the cross-examination of defendant Chester Hale that Dinkle had reassigned Stradley's 1976 assignment of fees to the Klockau law firm to pay fees owed them by Dinkle. The record does not reveal the identity of the attorney or personal representative for Alice Dinkle's estate.

Perhaps the dearth of evidence concerning Stradley's 1976 assignment to Alice Dinkle and the aura of mystery created by the alleged misdating of documents most poignantly illustrates why the trial court erred in awarding judgment to plaintiff in this case. Neither plaintiff nor defendants had any incentive to join the estate of Alice Dinkle, since it is quite clear that the deceased Alice Dinkle was the only individual in the complex paper transactions who received a valid assignment of the fees owed Stradley by the Hales.

While it is true there was no proof of collusion adduced at trial, it is undeniable that fertile ground existed for charges of unfairness in the absence of any representation of the estate at the proceedings in this matter. Hobart herself typed up most, if not all, of the documents purporting to assign, confess judgment, reassign and disclaim the assignment of the fees owed by the Hales for Stradley's legal services. Chester Hale admitted that he knew of the assignment to Dinkle when he and his wife signed the confession of judgment note dated January 28, 1980, and the assignment document dated January 3, 1983, in 1982 or 1983. The parties were painfully aware that the estate of Dinkle may have had a superior interest in the fund at the heart of this litigation. By proceeding to trial without joining the estate, Hobart could hope to realize the full face value of defendants' judgment note. Had she joined the estate, she risked losing part or all of the $10,000, depending on the estate's ability to establish its rights to the same fund.

Similarly, the Hales were able to assert defenses to resist Hobart's claim and could hope to avoid paying the $10,000 to anyone in the absence of representation on behalf of Dinkle's estate. On the other hand, had the Hales joined the estate of Alice Dinkle, their defenses against Hobart would merely have been assumed by the estate, and the only question would have been to whom or in what proportions the $10,000 would be paid, since the Hales never denied owing $10,000 for Stradley's services.

As indicated above, the only nonparty witness to testify at the trial of this matter was Walter Stradley. Stradley, like the others, cannot be said to have represented interests friendly to those of Alice Dinkle's estate. He could hope to pay off two debts from the same fund. By avoiding the estate's rights to fees owed by the Hales, Stradley could discharge his obligations to Hobart for unpaid salary as well.

Although our research has revealed no cases involving a similar scenario, we find the primary legal concepts relevant to our resolution of the issue on appeal succinctly stated in *Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 958, 347 N.E.2d 378, 379-80:

> "As a general rule, an assignment is a transfer of some identifiable property, claim or right from the assignor to the assignee. (*Buck v. Illinois National Bank & Trust Co.*, 79 Ill. App. 2d 101, 223 N.E.2d 167.) The assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned. (*American Sand & Gravel Co. v. Chicago Gravel Co.*, 184 Ill. App. 509.) It is an elementary principle of law applicable to all assignments, that they are void unless the assignor has either actually or potentially the thing which he attempts to assign. (*North Chicago Street R.R. v. Ackley*, 171 Ill. 100, 111, 49 N.E. 222.) In any event, the assignee can obtain no greater right or interest than that possessed by the assignor, inasmuch as one cannot convey that which he does not have. *North Chicago Street R.R.; Mid-City Trust & Savings Bank v. City of Chicago*, 292 Ill. App. 471, 11 N.E.2d 617."

Further guidance relevant to the facts before us is found in *McHenry Hospital v. Metropolitan Life Insurance Co.* (N.D. Ill., 1983), 578 F. Supp. 122, 125:

> "The Hornbook rule is that the obligor, once on notice of the existence of an assignment, may not subsequently enter an accord and satisfaction to defeat the assigned rights. 4 A.L. Corbin, Corbin on Contracts §894 (1951)."

The issue in this case is really whether the 1976 assignment to Dinkle was still valid at the time the documents were executed assigning $10,000 of the proceeds of the Federal suit to Stradley and confessing judgment in the same amount. If it was, then according to the foregoing principles of law, the assigned note upon which this suit is based was at least voidable because of Dinkle's prior and superior interest in the fund.

Plaintiff assumes three alternate positions to defeat any rights

that the estate of Alice Dinkle might have: (1) that Robert Ellison's disclaimer of January 6, 1984, waives the estate's rights; (2) that the 1973 judgment against Stradley had become dormant since it was not satisfied within seven years; and (3) that the estate's failure to include the assignment in its inventory effectively abandoned Dinkle's claim. We reject these positions for reasons which follow.

■ Since Robert Ellison has not been shown in the record here to be a representative of either the estate of Alice Dinkle or its beneficiaries, he had no standing to waive the estate's interest in the fees owed by Hale for Stradley's services, and his "disclaimer" of January 6, 1984, cannot defeat the rights obtained by Mrs. Dinkle by the 1976 assignment. Attorney Ellison did not testify at the hearing. (No factual basis was presented to support counsel's suggestion during Hale's cross-examination that the Klockau law firm had obtained a reassignment of Stradley's assignment from Mrs. Dinkle prior to her death.) If such were the case, certainly the estate had an interest in ascertaining its rights in the suit initiated by Hobart for the same fund.

■ Secondly, the trial court's 1976 order resulting in Stradley's assignment of fees owed by the Hales satisfied Mrs. Dinkle's 1973 judgment to the extent that the fees Stradley had earned in the Ault case were adequate to do so. Since the 1973 judgment was satisfied within three years, the seven-year limitation period alluded to by plaintiff (Ill. Rev. Stat. 1983, ch. 110, par. 12—108(a)) cannot debar the estate from claiming its rights based on the 1976 assignment. Although the record contains mention of a 1980 petition to revive judgment, which apparently was answered by Hobart's attorney on behalf of Stradley and not thereafter acted upon by Dinkle, it is not at all clear that this action, or inaction as the case may be, was indicative of Mrs. Dinkle's intent to abandon her interest in the 1976 assignment. Since the written instrument could be acted upon at any time within 10 years (Ill. Rev. Stat. 1983, ch. 110, par. 13—206), it cannot be seriously argued that Dinkle's failure to pursue the 1980 action debarred her estate from claiming an interest in the fund when this suit was brought in 1984.

■ We find no merit in plaintiff's third contention that the estate's failure to inventory the assignment among the estate's assets constitutes an abandonment of its interest. No representative of the estate, so far as the record on appeal reveals, was even given notice that the sum of $10,000 had been determined as the amount of fees owing to Stradley from his services on the Ault case, or that a fund from which the fees could be paid had come into existence. Although

the Hales' confession of judgment note is dated January 28, 1980, over a year before Alice Dinkle died, all of the witnesses who testified at trial in this cause admitted that the date was false. In fact, the note was not signed until 1982 or 1983. Furthermore, it is abundantly clear that the fund from which the $10,000 was to be paid did not come into existence until 1982 or 1983, at the earliest. The lawsuit from which the fees were to be generated was still in the discovery stage when Stradley appeared for his deposition in 1982 or 1983 and secured the Hales' assignment and note. The 1982 or 1983 assignment and note were void or at least voidable, since the Hales, as assignors, had knowledge of Stradley's prior assignment of his fees to Alice Dinkle. The instruments furnish evidence of the amount of fees due for Stradley's legal services on the Ault case, but could not confer a renewed interest in Stradley absent a cancellation, reassignment or other renunciation of interest in the fees by a representative of Alice Dinkle's estate, which, as we have hereinabove indicated, was not done.

Although this case must be remanded, we choose to address a final matter which undoubtedly would otherwise inspire renewed dispute in the trial court.

The question of whether $10,000 represented only fees earned by Stradley in 1972 and 1973 while representing the Hales in their suit against the Aults or whether the amount included payment for some services thereafter was raised in the trial court. The court found that the entire sum was subject to the 1976 assignment executed as satisfaction of Alice Dinkle's claim against Stradley. The testimony and evidence of record supports the conclusion that Stradley's fees, as determined in 1982 or 1983, represented the amount due for legal services performed by him during the Ault litigation in Warren County in 1972 and 1973. Neither party in this appeal has embraced this factual finding in their arguments to this court; however, because their positions are not friendly to the interests of Alice Dinkle's estate, we observe simply that the trial court's conclusion on this issue is not contrary to the manifest weight of the evidence and need not be relitigated on remand.

Since none of the persons who testified in the instant suit represented the interests of the estate of Alice Dinkle, who, as we have indicated, held the sole legitimate interest to the fees via the 1976 assignment from Stradley, the trial court had a duty to direct that the estate be made a party pursuant to section 2—406(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—406(a)).

Accordingly, we reverse the judgment of the circuit court of Rock

Island County and remand this cause with directions to join the estate of Alice Dinkle and to conduct a new trial pursuant to the views expressed herein.

Reversed and remanded with directions.

STOUDER and WOMBACHER, JJ., concur.