*In re* ESTATE OF GEORGE M. MARTINEK, Deceased (Bonnie Lee Behner *et al.*, Exr's of the Will of George M. Martinek, Petitioner-Appellee, v. Shirley J. Martinek, Respondent-Appellant).

Second District   No. 84—1023

Opinion filed January 27, 1986.

622

Douglas Drenk, David Drenk, and James P. Mullally, all of Guerard & Drenk, Ltd., of Wheaton, for appellant.

Thomas K. Prindable, of Batavia, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Respondent, Shirley Martinek, appeals from an order of the circuit court of Kane County that determined that respondent and the estate of her deceased husband, George Martinek, each held a 50% interest in certain real estate as tenants in common.

Respondent's sole argument in this court is that she and her deceased husband held the property in question not as tenants in common but as joint tenants and, therefore, she was entitled, by statute (Ill. Rev. Stat. 1983, ch. 76, par. 1a), to take the whole estate upon the death of her husband as an incident of the right of survivorship.

On February 3, 1968, Joseph and Shirley Seifert entered into an installment contract with W. T. Driver, in his capacity as Administrator of Veterans' Affairs, by which they agreed to purchase certain real estate located in Batavia. Paragraph 18 of the installment contract provides that once the buyers satisfied the terms of the agreement and upon their request, the seller shall execute and convey to the buyers a special warranty deed containing the language "NOT TENANTS IN COMMON BUT JOINT TENANTS." In similar vein, paragraph 25 prescribes that the buyers' interest in both the installment contract and the property "shall be in joint tenancy" and that, once the buyers complied with all the terms and provisions of the agreement, the seller shall execute and deliver a special warranty deed to the buyers that conveyed title to the property "not as tenants in common but as joint tenants."

In August 1968, the Seiferts assigned all their right, title, and interest under the installment contract to George and Shirley Martinek. The seller consented to the assignment. The Martineks, as assignees, agreed to perform all the terms and conditions of that contract. The assignment referred in express terms to the installment contract of February 3, 1968, and stated, in a note, that the contract should be affixed to the original assignment document.

On September 7, 1983, George Martinek executed a will in which he devised a life estate in the subject property to his wife, Shirley, and a remainder interest to Bonnie Lee Behner and Frederick G.

Behner III (Behners).

George Martinek died testate on June 3, 1984. Respondent is the surviving spouse of the deceased while Bonnie Behner is the decedent's stepdaughter. Petitioners, Bonnie and Frederick Behner, who are coexecutors of the will, filed a petition for probate of the will on July 11, 1984.

Approximately two months later, petitioners filed a petition in which they asked the court to enter an order declaring the rights the deceased's estate possessed in the subject real property. Their petition alleged that the estate and Shirley Martinek each owned a 50% interest in the realty as tenants in common. In rejoinder, respondent filed a motion to dismiss that petition and a supporting memorandum of law in which respondent asserted that she and her husband, while he was still alive, possessed the property as joint tenants and that upon his death she was entitled to the full interest in the real estate by virtue of the right of survivorship.

On October 12, 1984, the trial court entered an order in which it found (1) that the instant assignment constituted a "conveyance" of the Seiferts' interest in the property to the Martineks, (2) that the conveyance did not contain an express declaration of joint tenancy, and (3) that the conveyance was ineffective to create a joint tenancy between respondent and her now-deceased husband. Accordingly, the court below declared that the respondent and the estate of her dead husband each owned a 50% interest in the property as tenants in common.

Respondent argues in this appeal, as she asserted in the court below, that as a result of the assignment of the installment contract, she and her husband became the equitable owners of the property in question as joint tenants and that, upon his death, she received the full interest in the real estate by virtue of the right of survivorship. In particular, she challenges the trial court's finding that the assignment of the contract for deed did not create a joint tenancy in the Martineks because the assignment did not contain an express declaration of joint tenancy in contravention of section 1 of "An Act to revise the law in relation to joint rights and obligations" (Act) (Ill. Rev. Stat. 1983, ch. 76, par. 1). She maintains that section 1a of the Act (Ill. Rev. Stat. 1983, ch. 76, par. 1a), not section 1, controls this case. It is her position that, pursuant to the right of survivorship recognized in section 1a, she is entitled to receive title to the entire realty upon satisfaction of the terms of the installment contract, for the reason that she and her now-deceased husband, as assignees of the Seiferts' equitable interest in the property as joint tenants, held equitable title to

the realty as joint tenants.

Section 1 of the Act provides:

> "No estate in joint tenancy in any lands, tenements or heredi-taments, or in any parts thereof or interests therein, shall be held or claimed under any grant, legacy or conveyance whatso-ever heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass not in tenancy in common but in joint tenancy; and every such estate other than to executors and trustees (unless otherwise expressly declared as aforesaid), shall be deemed to be in tenancy in common and all convey-ances heretofore made, or which hereafter may be made, wherein the premises therein mentioned were or shall be ex-pressly declared to pass not in tenancy in common but in joint tenancy are hereby declared to have created an estate in joint tenancy with the accompanying right of survivorship the same as it existed prior to the passage of 'An Act to amend Section 1 of an Act entitled: "An Act to revise the law in relation to joint rights and obligations," approved February 25, 1874, in force July 1, 1874,' approved June 26, 1917." (Ill. Rev. Stat. 1983, ch. 76, par. 1.)

Section 1a provides:

> "Whenever any contract for the purchase of real estate hereaf-ter entered into shows that the title is to be taken by the ven-dees as joint tenants and not as tenants in common, and one or more of such vendees die before the delivery of the deed to such vendees, then in such case no heir, devisee or legal repre-sentative of such deceased vendees shall have or take any right, title or interest under the contract or in such real estate, but the obligation of the vendor or vendors under the contract (upon the performance thereof) shall be to convey such real es-tate to such surviving vendee or vendees, and if all such ven-dees die before such delivery then to the heirs or devisees of the last survivor; but nothing herein contained shall operate to change the effect of any assignment by any of said vendees." Ill. Rev. Stat. 1983, ch. 76, par. 1a.

Section 1 of the Act creates a presumption that any lands, tene-ments, or hereditaments that are "held or claimed under any grant, legacy or conveyance" are held in tenancy in common unless the premises are expressly declared to pass "not in tenancy in common but in joint tenancy," in which case a joint tenancy is created. (Ill. Rev. Stat. 1983, ch. 76, par. 1.) Section 1a of the Act, which pertains

to contracts for the purchase of real estate, states that whenever any installment contract shows that the vendees will take title "as joint tenants and not as tenants in common," and a vendee dies before the deed is delivered, the vendor must convey the real estate to the surviving vendee or vendees; no heir, devisee, or legal representative of the deceased vendee "shall have or take any right, title or interest under the contract or in such real estate." Ill. Rev. Stat. 1983, ch. 76, par. 1a.

Respondent contends first that the trial court erred when it found that the instant assignment constituted a "conveyance" as that term is employed in section 1 of the Act. We agree. As our supreme court observed in *8930 South Harlem Ltd. v. Moore* (1979), 77 Ill. 2d 212, the well-established law of property recognizes a clear legal distinction between a sale of an interest in land and a contract to sell an interest in realty. The former results in the actual transfer of title, whereas the latter is merely an executory agreement that will result in a sale once performance of the contract is complete. (77 Ill. 2d 212, 219.) Also, it is manifest that a "conveyance" takes place when the grantor delivers the deed and the grantee accepts it; it must appear affirmatively that the grantor intended that the deed should pass title at that time and that he or she should lose all control of the deed. (*Seibert v. Seibert* (1942), 379 Ill. 470, 477-78.) In the present case, there is no evidence in the record that the vendor has transferred title of the property by delivering a deed in joint tenancy, as the installment contract requires upon performance of its terms by the buyers.

Respondent argues, in addition, that the assignment of the contract for the purchase of real estate in this case did not constitute either a "grant" or "legacy" as those words are used in section 1 of the Act. Again, we agree with her position. The word "grant" is a generic term that is equivalent at common law to the term "convey." (*Cross v. Weare Commission Co.* (1894), 153 Ill. 499, 510.) It denotes a conveyance, that is, a transfer of title by deed. (Black's Law Dictionary 629 (5th ed. 1979); see *Streator Independent Telephone & Telegraph Co. v. Interstate Independent Telephone & Telegraph Co.* (1908), 142 Ill. App. 183, 191.) As was stated above, there is no evidence in this record that the seller has transferred title to the property in issue by delivering a deed to anyone and, thus, the contract is executory. The word "legacy" signifies a disposition of personalty pursuant to a will. (Black's Law Dictionary 802 (5th ed. 1979); see *Schoendienst v. Fink* (1965), 58 Ill. App. 2d 203, 210, 207 N.E.2d 325.) The assignment of the real estate installment contract clearly is not a disposition

of personalty by a will.

■ As a general rule, an assignment indicates a transfer of some identifiable property, right, or claim from the assignor to the assignee. (*Hobart v. Hale* (1985), 132 Ill. App. 3d 845, 850, 477 N.E.2d 740; *Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 490, 425 N.E.2d 1113; *Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 958, 347 N.E.2d 378; *Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167.) Thus, an assignment is not a conveyance, grant, or legacy within the meaning of section 1; therefore, the trial court erred in determining that the assignment was a conveyance which was ineffective to create a joint tenancy under section 1 because it did not contain an express declaration that the Martineks, as assignees, held equitable title to the property as joint tenants.

■ With respect to a contract for the purchase of real estate, the well-settled law is that when the owner enters into a valid and enforceable contract for the sale of realty, the seller continues to hold legal title, but in trust for the buyer; the buyer becomes the equitable owner and holds the purchase money in trust for the seller. This equitable conversion occurs at the time the parties enter into the installment contract. *Shay v. Penrose* (1962), 25 Ill. 2d 447, 449-50; *Wahl v. Fairbanks* (1950), 405 Ill. 290, 293; *Life Savings & Loan Association of America v. Bryant* (1984), 125 Ill. App. 3d 1012, 1016; 467 N.E.2d 277; see *De Foor v. Northbrook Excess & Surplus Insurance Co.* (1984), 128 Ill. App. 3d 929, 935-36, 471 N.E.2d 938.

■ The language that the present installment contract stated would appear in the deed that eventually conveyed title to the property to the buyers ("NOT TENANTS IN COMMON BUT JOINT TENANTS" and "not as tenants in common but as joint tenants") clearly was sufficient to create a joint tenancy. See *Remus v. Schwass* (1950), 406 Ill. 63, 66, 70; *Wahl v. Fairbanks* (1950), 405 Ill. 2d 290, 291-92; *Kane v. Johnson* (1947), 397 Ill. 112, 113, 116.

■ Our supreme court has defined a joint tenancy " 'as a present estate in all the joint tenants each being seized of the whole ***' " (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 224, quoting *Partridge v. Berliner* (1927), 325 Ill. 253, 257), or as an estate that two or more individuals hold jointly with equal rights to partake in its enjoyment during their lifetimes. (*In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381.) An intrinsic feature of a joint tenancy is the right of survivorship, which entitles the last surviving joint tenant to take the entire estate. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 224; *In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381.) In other words, title vests

automatically upon the death of the deceased joint tenant. (*In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381.) A surviving joint tenant succeeds to the deceased joint tenant's share by dint of the conveyance that created the joint tenancy, not as the successor of the decedent. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 224; *In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381.) A joint tenancy is not an estate of inheritance and, thus, does not become part of the probate estate; therefore, it follows naturally that a joint tenant who dies first has no interest in the property that he or she can convey or devise. Title to property that is held in joint tenancy takes precedence over the claim of the devisee, legatee, or heir. *In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381; see *Klajbor v. Klajbor* (1950), 406 Ill. 513, 517-18; Ill. Rev. Stat. 1983, ch. 76, par. 1a.

■■■ ■ The severance of a joint tenancy is accomplished when one tenant voluntarily or involuntarily destroys one of the four unities (interest, title, time, or possession) that are fundamental to both the creation and perpetuation of the joint tenancy. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 220.) Any act that a joint tenant takes that destroys any of those unities changes the estate into a tenancy in common (*Klajbor v. Klajbor* (1950), 406 Ill. 513, 517), thereby extinguishing the right of survivorship (*Klouda v. Pechousek* (1953), 414 Ill. 75, 79). One joint tenant's conveyance of his or her entire interest destroys the unities of title and interest, which results in a severance. *Klouda v. Pechousek* (1953), 414 Ill. 75, 79; *Klajbor v. Klajbor* (1950), 406 Ill. 513, 517.) Also, such a severance occurs when one joint tenant assigns his or her interest in the property. 48A C.J.S. *Joint Tenancy* sec. 17, at 344-45 (1981).

■■■■ The well-established rule is that no particular form of words is necessary to create a valid assignment. (*Dr. Charles W. Smith III, Ltd. v. Connecticut General Life Insurance Co.* (1984), 122 Ill. App. 3d 725, 727, 462 N.E.2d 604.) Any words that demonstrate the intent to transfer some identifiable property from the assignor to the assignee (*e.g., Hobart v. Hale* (1985), 132 Ill. App. 3d 845, 850, 477 N.E.2d 740) for valuable consideration are adequate to accomplish an assignment. (*Dr. Charles W. Smith III, Ltd. v. Connecticut General Life Insurance Co.* (1984), 122 Ill. App. 3d 725, 727, 462 N.E.2d 604; see *Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167.) The assignment operates to transfer to the assignee all of the assignor's right, title, or interest in the thing assigned. (*Hobart v. Hale* (1985), 132 Ill. App. 3d 845, 850, 477 N.E.2d 740; *Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 490, 425 N.E.2d 1113; *Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 958, 347 N.E.2d 378.) The assignee, by ac-

quiring the same rights as the assignor, stands in the shoes of the assignor. (*Carlyle v. Jaskiewicz* (1984), 124 Ill. App. 3d 487, 492, 464 N.E.2d 751; *Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 123, 349 N.E.2d 599; *Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167; accord, *Aabye v. Security-Connecticut Life Insurance Co.* (N.D. Ill. 1984), 586 F. Supp. 5, 8.) An executory contract for the purchase of real estate may be assigned, and the interest that is acquired is protected in a court of law. *Davidson v. Dingeldine* (1920), 295 Ill. 367, 373.

■■■ The record in this case establishes that the Seiferts entered into an installment contract for the purchase of realty in Batavia with the Administrator of Veterans' Affairs. The contract for purchase of the realty expressly states that, once the Seiferts complied with all the terms and provisions of the agreement, the seller would deliver a warranty deed that conveyed title to the buyers as joint tenants, not as tenants in common. Subsequently, the Seiferts, for valuable consideration and with consent to the seller, assigned all their right, title, and interest in the contract to the Martineks. This document, when viewed as a whole (*Advance Process Supply Co. v. Litton Industries Credit Corp.* (7th Cir. 1984), 745 F.2d 1076, 1079), constituted a valid assignment of the executory contract.

It is manifest that a severance of a joint tenancy occurs when only one joint tenant assigns his or her entire interest in the property. (48A C.J.S. *Joint Tenancy* sec.17, at 344-45 (1981); see *e.g., Harms v. Sprague* (1984), 105 Ill. 2d 215, 220; *Klouda v. Pechousek* (1953), 414 Ill. 75, 79; *Klajbor v. Klajbor* (1950), 407 Ill. 513, 517.) But, here both the Seiferts assigned their interest in the contract to the Martineks and, thus, no severance occurred at that point.

■■■ The remaining inquiry is whether the present assignment of the contract for purchase of real estate resulted in the Martineks holding equitable title to the property as joint tenants. Preliminarily, the parties do not cite nor has our research discovered any Illinois case dealing with this question. However, construing the assignment document in conjunction with the contract for purchase, and applying the general precepts of law governing assignments heretofore discussed, we conclude that the assignment transferred equitable title from the Seiferts to the Martineks and that, because the Martineks were placed in the shoes of the assignors, title was transferred to the Martineks as joint tenants. Thus, respondent holds equitable title to the entire estate by virtue of the right of survivorship. Accordingly, her deceased husband's devisees, the petitioners, are not entitled to any interest in the realty. (See Ill. Rev. Stat. 1983, ch. 76, par. 1a.)

Once all the conditions of the contract are satisfied, she, as the surviving joint tenant, is entitled to receive a deed conveying title to her in joint tenancy in accordance with the terms of the contract. See *Wahl v. Fairbanks* (1950), 405 Ill. 290, 293-94.

The judgment of the circuit court of Kane County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and STROUSE, JJ., concur.