MARCO J. MUSCARELLO *et al.*, Plaintiffs-Appellants, v. WILLIAM SCHMIDT *et al.*, Defendants-Appellees.

Second District No. 2—88—0387

Opinion filed February 7, 1989.—Rehearing denied March 7, 1989.

Jeffrey L. Lawrence, of Kelley & Associates, of Schaumburg, for appellants.

Mark T. Schuster, of Strom & Schuster, of Elgin, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, Marco and Patricia Muscarello, appeal from an order of the circuit court of Kane County granting defendants' motion for summary judgment. On appeal, plaintiffs contend that the trial court erred in granting summary judgment to defendants because there was no evidence that the previous owner of the property consented to the construction of a sewer on the property. We affirm.

During the first half of 1973, a storm sewer was constructed between Hampshire Manor Subdivision Unit No. 1 (Unit No. 1) and a pond on an adjacent tract of land known as the Burnidge farm. This storm sewer was constructed by Phillips Construction Company (PCC), which was the developer of Unit No. 1. The principal owner of PCC was Philip Rose, who was also the contract purchaser of the Burnidge farm. This contract did not permit the building of such a sewer.

In August 1973, Rose assigned his contract rights to Marco Muscarello, and in June 1977, plaintiffs acquired title to the property in joint tenancy. In November 1977, Marco discovered what he considered to be an excess amount of water in the pond on his property. Upon inspection, Marco discovered the storm sewer line running from Unit No. 1 to the pond on his property.

Plaintiffs filed a three-count complaint in 1986, alleging that the Village of Hampshire approved of the construction of the sewer line contrary to normal drainage flow. The complaint asked for injunctive relief, damages for trespass, and a writ of *mandamus* to force Hampshire to institute eminent domain proceedings on the property.

Defendant moved for summary judgment, arguing that plaintiffs' predecessor in interest acquiesced in the construction of the sewer, and therefore, plaintiffs are estopped from suing Hampshire. The trial court found that the storm sewer was a "mutual benefit drain" under the Illinois Drainage Code (the Code) (Ill. Rev. Stat. 1985, ch. 42, par. 2—8) and that Burnidge had acquiesced in the sewer's construction, thereby creating a permanent easement on plaintiffs' property. This appeal ensued.

Before proceeding to the merits of this case, we note that defendant has filed a motion to strike certain portions of plaintiffs' reply brief which reargue plaintiffs' objections to a previous motion to supplement the record on appeal. We ordered that defendant's motion be taken with the case. We will disregard all statements not properly a part of a reply brief.

■ It is well established that the moving party is not entitled to summary judgment unless he has an absolute right to it as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) Summary judgment is a drastic remedy which should be granted only when the movant's right is free from doubt. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 215.) After reviewing the record, we conclude that summary judgment was proper in this case.

Section 2—8 of the Code (Ill. Rev. Stat. 1985, ch. 42, par. 2—8) states in pertinent part:

> "When a ditch, covered drain or levee is, or has been, constructed by mutual license, consent or agreement, either separately or jointly, by the owners of adjoining lands so as to make a continuous line across the lands of such owners, *** such ditch, covered drain or levee shall be deemed to be a drain or levee for the mutual benefit of all lands connected to, or protected by, it. The mutual license, consent or agreement required in this section need not be in writing, but may be established by parol or inferred from the acquiescence of the parties." Ill. Rev. Stat. 1985, ch. 42, par. 2—8.

■ The sewer in the present case was built across adjoining lands. Unit No. 1 had been conveyed to Rose and was being developed by Rose's construction company. Rose also was the contract purchaser of the Burnidge farm. A contract purchaser of property is the equitable owner of that property. *In re Estate of Martinek* (1986), 140 Ill. App. 3d 621, 628.

■ For a drain to be a mutual benefit drain under the Code, the drain must be constructed "in a continuous line over adjoining land of different owners." (*Savoie v. Town of Bourbonnais* (1950), 339 Ill.

App. 551, 560.) The Code defines owner as: "[A]n owner of an undivided interest, a life tenant, a remainderman and a trustee under an active trust but does not include a mortgagee, a trustee under a trust deed in the nature of a mortgage, a lien holder or a lessee." Ill. Rev. Stat. 1985, ch. 42, par. 1—2(i).

While a contract purchaser is not specifically enumerated in the Code's definition of owner, such a purchaser has rights similar to the persons defined as "owners" under the Code. Therefore, the same person owned both tracts of land for purposes of the Code, and the sewer cannot be classified as a mutual benefit drain.

■ However, while the Code does not apply, we may affirm the trial court's judgment on any basis found in the record. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) Marco was Rose's assignee. It is axiomatic that when a valid assignment is created, the assignee stands in the shoes of the assignor. (*Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 123.) An assignee cannot maintain an action if the assignor could not have maintained the action. *United States v. American National Bank & Trust Co.* (N.D. Ill. 1977), 443 F. Supp. 167, 174.

In the present case, plaintiffs' own pleadings indicate that the storm sewer was completed before Rose assigned his interest to Marco. Rose could not have maintained an eminent domain action against Hampshire over a sewer that Rose installed; therefore, plaintiffs may not maintain such an action against Hampshire, and summary judgment was properly granted.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN and LINDBERG, JJ., concur.