RICHARD C. RUVA *et al.*, Plaintiffs-Appellees, v. ROBERT L. MENTE *et al.*, Defendants-Appellants.

Third District   No. 3—89—0667

Opinion filed July 13, 1990.

William R. Banich, P.C., of La Salle (William R. Banich, of counsel), for appellants.

Boyle, Goldsmith, Shore & Bolin, of Hennepin (Linn C. Goldsmith, of counsel), for appellees.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

On December 18, 1984, defendants-appellants, Robert, Charlene and Rena Mente (Mentes), entered into an installment agreement to purchase property owned by defendants Frank and Mary Kotar. The contract concerned real estate, and furniture, fixtures and equipment related to the business on the premises. The subject real estate included two separate structures, a structure used as a restaurant/lounge and a 1,200-square-foot home which was used as a rental unit. In August 1986, the Mentes and plaintiffs-appellees, Richard and Brenda Ruva (Ruvas), entered into an assignment entitled "Transfer of Interest and Novation Regarding Articles of Agreement," whereby the Mentes assigned their interest to the Ruvas. The Ruvas operated the restaurant and tavern until June 1988, when they filed a complaint for rescission based on noncompliance with section 2 of "An Act relating to installment contracts to sell dwelling structures" (the Act) (Ill. Rev. Stat. 1987, ch. 29, par. 8.22).

■ Section 2 of the Act (Ill. Rev. Stat. 1987, ch. 29, par. 8.22) provides for the voidability of an installment contract for the purchase of a dwelling structure when a certificate of compliance or warranty that the real estate is free from dwelling code violations is not attached to the contract. Plaintiffs filed a motion for summary judgment on liability, stating that the certificate of compliance or the appropriate substitute had not been attached to the assignment. The trial court denied the plaintiffs' motion and plaintiffs filed a motion to reconsider. Upon reconsideration, the trial court reversed its earlier decision and granted plaintiffs' motion for summary judgment. Defendants' application for leave to appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) was allowed by this court on January 16, 1990.

The issues presented on appeal are: (1) whether the provisions of the sale of dwelling structures act (Ill. Rev. Stat. 1987, ch. 29, par. 8.21 *et seq.*) apply to the assignment of this contract for the sale of real estate; and (2) assuming *arguendo* that the Act applies to this assignment, whether the incorporation by reference of the terms and attachment of a previous installment contract for the sale of real estate, which contract contained the requisite express warranty and compliance with said Act, is sufficient to preclude the assignee from voiding the agreement under the Act.

■ Defendants first contend that the Act does not apply to the transaction between the parties because the instrument in question is an assignment rather than an installment contract. Section 2 (Ill. Rev. Stat. 1987, ch. 29, par. 8.22) states, in part:

"After the effective date of this Act, any installment contract for the sale of a dwelling structure shall be voidable at the election of the buyer unless there is attached to the contract or incorporated therein a certificate of compliance, or in the absence of such a certificate (i) an express written warranty ***."

The statute contemplates application to installment contracts for the sale of residential real estate. Section 1(e) (Ill. Rev. Stat. 1987, ch. 29, par. 8.21(e)) provides as follows:

" 'Installment Contract' means any contract or agreement, including contracts for deeds, bonds for deeds or any other sale or legal device, whereby a contract seller agrees to sell and a buyer agrees to buy a dwelling structure, wherein the consideration for such sale is payable in installments for a period of at least one year after buyer takes possession of the dwelling structure and the contract seller continues to have an interest, or security for the purchase price or otherwise in that property."

■■ ■ The assignment that is the subject of dispute does not fit the above statutory definition. An installment contract was never effectuated by the parties to this appeal. The parties in this case executed an assignment of an existing installment contract. An assignment indicates a transfer of some identifiable property, right, or claim from the assignor to the assignee. (*Hobart v. Hale* (1985), 132 Ill. App. 3d 845.) The assignment operates to transfer to the assignee all of the assignor's right, title, or interest in the thing assigned. (*In re Estate of Martinek* (1986), 140 Ill. App. 3d 621.) The assignee, by acquiring the same rights as the assignor, stands in the shoes of the assignor. (*Carlyle v. Jaskiewicz* (1984), 124 Ill. App. 3d 487.) Applying these principles to the instant case, plaintiffs now stand in the position of defendants by way of the assignment.

The provisions of the sale of dwelling structures act, then, do not apply to assignments.

■■ Plaintiffs, however, acquired defendants' right to rescission under the Act through the assignment, because defendants did enter into an installment contract for the purchase of the subject property. The remaining inquiry is whether the provisions of the Act were met by defendants' original contract for purchase. The record indicates that the previous installment contract contained the requisite express warranty and compliance with said Act. Plaintiffs, therefore, are precluded from voiding the agreement under the Act, and the trial court erred in granting plaintiffs' motion for summary judgment.

In view of our holding, we need not address the other issues raised by defendants.

For the foregoing reasons, the judgment of the circuit court of Putnam County is reversed.

Reversed.

GORMAN, J., concurs.

JUSTICE STOUDER, dissenting:

I would affirm the judgment of the trial court because I find the assignment contract in the instant case to fall within the coverage of the Act relating to installment contracts to sell dwelling structures (Ill. Rev. Stat. 1989, ch. 29, par. 8.21 *et seq.*). In this case, the assignment provided for the conveyance and transfer to the plaintiffs of the Mentes' "right, title and interest *** in and to the assets involved herein." Section 1(d) of the Act defines in pertinent part a contract seller to be "the owner of a legal or beneficial interest in a dwelling

structure" (Ill. Rev. Stat. 1989, ch. 29, par. 8.21(d)), and section 1(e) defines an installment contract to mean "any contract or agreement, including contracts for deeds, bonds for deeds or any other sale or legal device, whereby a contract seller agrees to sell and a buyer agrees to buy a dwelling structure, wherein the consideration for such sale is payable in installments for a period of at least one year after buyer takes possession of the dwelling structure and the contract seller continues to have an interest, or security for the purchase price or otherwise in that property" (Ill. Rev. Stat. 1989, ch. 29, par. 8.21(e)).

In the instant case, prior to the assignment, the Mentes had been making installment payments on the original contract and therefore acquired a beneficial interest in the property. (See *Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218.) The Mentes, as owners of a beneficial interest in the property, come within the definition of contract sellers. The assignment of the contract provided for a payment of $50,000 by the plaintiff to the Mentes, and for the plaintiffs to assume the remaining installment payments on the original contract. There were over eight years remaining on the original contract. Therefore, the assignment provided for installment payments to be made over a period in excess of one year. In sum, the assignment contract falls within the Act's definition of an installment contract and had to contain the certificate or warranty required by section 2 of the Act (Ill. Rev. Stat. 1987, ch. 29, par. 8.22). Since this assignment contract did not comply with the provisions of section 2, the trial court correctly granted plaintiffs' summary judgment motion.

In addition, I find the majority's interpretation of the statute inimicable to the purposes of the Act. The purpose of the Act is to force the seller to furnish information for the protection of the buyer as to the condition of the property he is buying without requiring that the buyer search the records or cause an inspection of the dwelling for possible violations of municipal or county ordinances, as well as of other government dwelling authorities, such as State health and fire protection and environmental protection agencies. (*Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 446 N.E.2d 1217.) The person in possession is the party most likely to have knowledge of possible problems. Under the majority's interpretation of the statute, only the original seller is held to the requirements of the Act, even though, as in the instant case, the original seller may not have been in possession of the property for a number of years. The Act was meant to protect individuals like the plaintiffs and the majority's narrow reading of the Act's provisions frustrates that purpose.

For these reasons, I dissent.